WARREN M. MILLER et al., Appellants, v. GEORGE BOULWARE et al.; WILLIAM T. COX, Intervenor.

Division Two, March 31, 1916.

1. **PARTIES TO ACTON: Suit to Quiet Title: Right of Person in Interest to Intervene.** Section 2541, Revised Statutes 1909, is a part of the Act of 1873, Laws 1873, p. 49, relating to the right of persons whose deeds or other evidences of title are lost or destroyed, to have the title adjudged to them and the record title restored to them, and does not apply to proceedings under section 2535, and does not authorize one who claims title by adverse possession to intervene and file an answer in a suit to quiet title.

2. ————: ————: ————: **Section 1733.** One who is not united in interest with any other party to the suit to quiet title is not authorized by section 1733, Revised Statutes 1909, to intervene, nor to be joined either as plaintiff or defendant.

3. ————: ————: ————: **Section 1732: Adversary Interests.** Section 1732, Revised Statutes 1909, does not authorize one in possession of land and claiming by adverse possession to interevene and to be made a party defendant to a suit to quiet title brought against the record title owner by one who bases his title upon the Statute of Limitations by actual possession and does not ask for possession. Such an intervenor does not (1) have or claim an interest in the controversy adverse to the plaintiff, nor (2) is he a necessary party to a complete determination or settlement of the question involved, nor (3) is such a suit one for possession of the real estate.

Appeal from Osage Circuit Court.—*Hon. R. A. Breuer, Judge.*

REVERSED AND REMANDED *(with directions).*

*Vosholl & Monroe* for appellants.

(1) The court committed error when it allowed Cox to become a party to this suit, thereby amending in effect the proceedings, not only against appellant, but all defendants. This suit was originally commenc-

ed by appellant against George Boulware, if alive, or if dead, his unknown heirs or devisees, and service of process upon them was by publication. An amendment of the proceedings was made by making Cox a party, which could not be done after service by publication. Smith v. Kiene, 231 Mo. 232. (2) No judgment that could have been rendered in the original suit could in any way affect the rights Cox could have had. Whatever claims he could have had could be determined in a separate action between himself and Miller. No right or title could be determined save that asserted by plaintiff or defendants in original action. Graton v. Land Co., 189 Mo. 332; Chaput v. Bock, 224 Mo. 81. (3) There was no issue between plaintiff and Cox and the judgment rendered does not bind them as against each other. Bank v. Bartte, 114 Mo. 276; Boogher v. Frazier, 99 Mo. 325; McMahon v. Geiger, 73 Mo. 145; O'Rourk v. Railroad, 142 Mo. 342.

*Gove & Davidson* for respondents.

(1) The application and motion of Cox to be made a party defendant was properly sustained. Greene v. Conrad, 114 Mo. 651; Railroad v. Hattod, 102 Mo. 45; Valle v. Cerre's Admr., 36 Mo. 584; Secs. 1732, 1733, 2541, R. S. 1909. (2) This is a suit under our statute to quiet title which though not technically a suit in equity is designed to determine all the questions whether of law or equity relating to the respective title of the parties and to put at rest the controversy. Wheeler v. Land Co., 193 Mo. 287. The pleading makes it a suit at law and the issues could have been tried by jury, which was waived by the parties. Lee v. Conrad, 213 Mo. 404; Minor v. Burton, 228 Mo. 583. (3) Plaintiff has not been injured by the action of the court in allowing Cox to become a party defendant, and the error if any was committed, does not affect the merits of the case, and the Supreme Court will disregard such

error as produces no injury. Sec. 2082, R. S. 1909;
Logan v. Field, 192 Mo. 70. (4) There is no error
materially affecting the merits of the action. Free-
land v. Williamson, 220 Mo. 229; Stumpe v. Kopp,
201 Mo. 412; Manse v. Boerr, 222 Mo. 115; Berry
v. Railroad, 214 Mo. 293.

ROY, C.—This is a proceeding to quiet title un-
der section 2535, Revised Statutes 1909. The petition
among other things contains the following:

"For cause of action plaintiff says that he is the
absolute owner of the south one-half of the northwest
quarter, section 35, township 43, range 7, all situate
in Osage County in the State of Missouri, he and those
under whom he claims having acquired title to said
realty by actual, peaceable, open and continuous and
adverse possession thereof for more than thirty years
next preceding the filing of this suit and under claim
and color of title thereto.

"That the above named George Boulware is the
apparent owner of record to said land by deed duly en-
tered of record in Osage County, Missouri, deed rec-
ords, by purchase from one George Mann, who entered
said land in the year 1835 as shown by the Osage Coun-
ty records. That whatever title said Boulware ever
had has long since passed away by reason of long
possession under claim of title as aforesaid."

It prays for a determination of the rights of the
parties, but does not ask for the possession of the
land.

Respondent Cox, on his own motion, over plain-
tiff's objection, was made a party defendant and filed
an answer in which he alleged title in himself to a part
of the land (describing that part) by adverse posses-
sion. Plaintiff moved to strike out that answer but
the motion was overruled. There was judgment in
favor of respondent as to the part claimed by him and

judgment in favor of the plaintiff as to the residue. The plaintiff has appealed.

Defendant Cox, respondent here, was improperly made a party to this suit. He claims the right to be made such party under sections 1732, 1733 and 2541, Revised Statutes 1909.

The writer was at first of the opinion that the latter section authorized Cox to be made a defendent, but his attention has been called to the fact that such section was originally enacted in 1873 (Laws 1873, p. 49, sec. 3) as a part of an act entitled "An act to establish evidence of title to real property and to restore the records of the same, and to provide for the recording of deeds." Section 1 of that act provided that persons whose deeds or other evidence of title are lost or destroyed may have their title to the land adjudged to them. Section 3, the original of our present section 2541, provides that any person claiming an interest or estate in the lands adverse to that alleged in the petition may be made a party defendant, and that the decree rendered in such cause shall be conclusive against the parties to the suit, and shall be prima-facie evidence against all other persons.

<span style="float:left">Parties to Suit<br/>to Quiet Title:<br/>Intervenor.</span>

In the connection in which section 2541 appears in our Revised Statutes it seems to apply to proceedings under section 2535 to quiet title. Section 8086, Revised Statutes 1909, provides that "the provisions of the Revised Statutes, so far as they are the same as those of prior laws, shall be construed as a continuation of such laws and not as new enactments."

Section 2541 had no application to section 2535 prior to the revision, and, for that reason, can have none now.

Section 1733, Revised Statutes 1909, provides that persons who are united in interest must join as plaintiffs, and that, in case of a failure of one of such persons to consent to be plaintiff, he may be made a de-

fendant. That section does not justify making Cox a defendant herein. He is not united in interest with any other party to the suit.

Section 1732 does not authorize making the respondent a party defendant herein. There are three classes of persons provided for in that section:

1. Those having or claiming an interest *in the controversy* adverse to the plaintiff.

2. Those who are necessary parties to a complete determination or settlement of the question involved therein.

3. The landlord and tenant and ''any person claiming title or a right of possession to real estate'' may be made defendants in a suit *for the possession* of such real estate.

We will consider those classes of persons in the order named.

I. This respondent is not of the first class.

In Cape Girardeau S. W. Ry. Co. v. Hatton, 102 Mo. 45, the county judges had executed a deed purporting to convey a large tract of land from the county to the railroad company. That deed was placed in escrow in the hands of one of the judges. The railroad company sued the judges of the county court to determine its rights to the deed. It did not make the county a defendant. It was held that the county was properly made a defendant on its own motion, because, as there stated, it was ''the real party in interest.'' It should be kept in mind that the deed purported to be executed by the county and to convey the land of the county, consequently its delivery to the grantee therein was a matter in which the county was deeply interested. If that deed had been made between the parties other than the county, though it purported to convey the county land, the county would not have been interested in the controversy as to such deed. The fact that the county owned the land did not of itself make it a proper

party defendant, but that fact coupled with the additional one that it was a party to the deed, gave it an interest *in the controversy*.

In this cause Cox claimed and actually owned a part of the land by adverse possession. He had no paper title from anybody, and had no interest in any controversy between other parties as to such paper title. If he had remained out of the suit a decree therein would have had no effect whatever on his rights. He neither claimed nor possessed any interest *in the controversy*.

II. The respondent was not a necessary party to a determination or settlement of the question involved. In Carr v. Waldron, 44 Mo. 393, one of several mortgagees of real and personal property sued another of the mortgagees to recover plaintiff's share of the money realized by the sale of the property. It was there said:

"In the present case the parties were all mortgagees, and had an interest in the mortgaged property. There had been no ascertainment or adjustment of the respective amounts to which each was entitled; and, where such is the case, all should be brought in, in order that there may be a final determination binding all the parties."

That case illustrates the meaning of the statute, but furnishes no ground for respondent's contention here.

III. The third class includes only those who are interested in a suit *for the possession* of real estate, and for that reason cannot include the respondent here. This is not a suit for the possession of real estate. The petition alleges possession in the plaintiff, and that he has title by adverse possession.

The plaintiff had the right to choose his opponent, to frame his petition in such a way as not to affect the respondent, and to have his controversy settled without being interfered with by the respondent.

State ex rel. v. Sage.

The judgment is reversed and the cause remanded with directions to strike out respondent's answer and overrule his motion to be made a party defendant herein, and to enter judgment in favor of the plaintiff and against the original defendants in the cause. *Williams, C., concurs.*

PER CURIAM.—The foregoing opinion of ROY, C., is adopted as the opinion of the court. All of the judges concur.