Weygandt, C. J.
 

 Do the two publications of the notice meet the requirements of the Charter of the city of Columbus?
 

 Sections 170 and 171 read as follows:
 

 “Sec. 170. Notice — how served. A notice of the passage of such resolution and of the fact that such estimated assessment has been filed, and of the time within which objections may be made, shall be served by the city clerk, or an assistant, upon the owner, of each piece of property to be assessed, in the manner provided by law for the service of summons in civil actions. If any such owners or persons are not residents of the county, or if it appears by the return in any case, of the notice, that such owner cannot be found, they shall be notified by publishing such notice at least twice in the City Bulletin. Whether by actual service or publication, such notice shall be completed at least twenty days before the improvement is commenced, and the returns of the officer or person serving the notice, or a certified copy of the return shall be prima facie evidence of the service of the notice as herein required.
 

 “Sec. 171. Objections to assessments. An owner of any lot or parcel so to be assessed, who objects to
 
 *142
 
 the amount of apportionment of such estimated assessments, shall file his objections in writing with the city clerk, within two weeks after the service of notice or completion of the publication hereinbefore provided. Any owner who fails to do so, shall be deemed to have waived any objection to such assessment, to the extent of the amount estimated.”
 

 The storm center of this controversy is the following paragraph of the notice:
 

 “Any owner of any lot or parcel so to be assessed who objects to the amount or apportionment of such estimated assessment shall file an objection in writing with the city clerk within two weeks after the date of the service of this notice.”
 

 What is the meaning of the words “the date of the service of this notice”? The plaintiffs insist that it is simply the date the particular notice was
 
 published,
 
 and that therefore the two notices are in conflict inasmuch as the first appeared in the issue of July 19,1930, and the second a week later. Under the familiar rule of strict compliance in such matters the plaintiffs urge further that a showing of actual resultant prejudice therefrom is unnecessary and immaterial, and that the first notice was a nullity because it was not so worded as to fix the same- date as the second.
 

 The first contention of the defendants is that there were simply two publications of but one notice, and that the words “the date of the service of this notice” do not refer to the date on which each appeared but rather to the date of completed notice or service as required by the provisions of the city Charter. This court finds itself in accord with this view. To hold otherwise would necessitate a disregard of the phrase “of the service,” which must be considered as of some significance in the. construction of this sentence. Clearly a graver question would have been presented if the notice had not contained this phrase and had read merely “the date of this notice.” The second
 
 *143
 
 publication on July 26, 1930, completed the notice or service, and there is no complaint that the improvement was commenced within twenty days thereafter.
 

 However, the plaintiffs further question the sufficiency of the foregoing language even if it be accorded the construction urged by the defendants. Reference is made to the language in Section 170 of the Charter to the effect that non-residents of the county shall be notified by publishing such notice “at least twice” in the City Bulletin. The plaintiffs point out that the notice here involved fails to state the number of publications thereof, and the assertion is therefore made that it was impossible to discover from a reading of the notice whether the two weeks period began on July 26, 1930, or on the dat~ a possible subsequent publication. Howw.or, this contention involves a contingency not presented here inasmuch as the facts set forth in the pleadings disclose but two publications. It is of course trqe that the form of the notice might well be improved by amplification in this respect, but it is quite a diffe •ent matter to hold that the requirements of the chai ,er provisions have not been met.
 

 The foregoing ' lews require a reversal of the lower courts and an en1 ?y of final judgment for the defendants.
 

 Judgment reversed.
 

 Stephenson, Jones, Matthias and Zimmerman, JJ., concur.