STATE OF MISSOURI ex rel. FARMERS MUTUALS AUTOMOBILE INSURANCE COMPANY, a Corporation, Relator, v. THE HONORABLE RANDOLPH H. WEBER, Judge of the Circuit Court of Butler County, Missouri, Respondent.

STATE OF MISSOURI ex rel. FARMERS MUTUALS AUTOMOBILE INSURANCE COMPANY, a Corporation, Relator, v. THE HONORABLE RANDOLPH H. WEBER, Judge of the Circuit Court of Butler County, Missouri, Nos. 44426 and 44435—273 S. W. (2d) 318.

Court en Banc, November 8, 1954.
Motion for Rehearing Overruled and Opinion Modified, December 13, 1954.

*Hyde & Purcell* for relator.

*Ted M. Henson* for respondent.

CONKLING, J.—In cause 44,426 above captioned, upon petition of relator therefor, we issued our alternative writ of mandamus requiring the respondent, Honorable Randolph H. Weber, as Judge of the circuit court of Butler County, to permit relator, Farmers Mutuals Automobile Insurance Company, a corporation, to intervene in a personal injury action pending in the circuit court, or to show cause why such intervention should not be permitted. The respondent judge filed his return to the alternative writ. That cause is now at issue upon the motion for judgment on the pleadings filed by relator, and involves a construction of the intervention section of the Code of Civil Procedure.

From the petition for the writ, the exhibits attached thereto, and the respondent's return to the alternative writ it appears:

That on November 27, 1953, relator insurance company issued to one Joe Clark, an automobile dealer and garage owner and operator

in Poplar Bluff, Missouri, its general garage liability policy Number G 31763; ▮▮▮ that on February 5, 1954, one O. A. Tucker purchased from the above Joe Clark, a 1951 G.M.C. truck and that Tucker immediately took delivery and possession thereof and used and operated it; that on February 12, 1954, Clyde Tucker, son of the above O. A. Tucker, was operating the above 1951 G.M.C. truck in the city of Poplar Bluff and collided with and injured one E. G. Jones; that on February 24, 1954, the above E. G. Jones filed his personal injury action in the circuit court of Butler County (Numbered 12,129) against the above mentioned Clyde Tucker, alleging the negligent operation of said truck and his injuries resulting therefrom, and praying damages of $15,000 against Clyde Tucker; and that the said E. G. Jones is the sole plaintiff and Clyde Tucker is the sole defendant in that action;

That on March 22, 1954, defendant Clyde Tucker, by his attorney of record, Mr. K. W. Blomeyer, filed answer in cause 12,129, in which in two short paragraphs defendant (1) admitted the operation of the truck at the time alleged, and (2) denied every other allegation in the petition; that on May 5, 1954, relator filed in said circuit court and in cause 12,129 its Motion To Intervene in said cause, to which motion it attached its Petition For Declaratory Judgment, which it prayed leave to file in cause 12,129, and relator attached to that petition a photostatic copy of the above mentioned policy; that in said petition relator stated that Clyde Tucker, (defendant in the above personal injury action) "contends (to the relator) that he is an additional insured under the terms of the aforesaid garage liability policy and that he is entitled to a defense (and indemnity) by this intervener (relator here)," etc. The respondent judge overruled relator's Motion to Intervene in cause 12,129.

Several matters apparent upon the record are here noted: Clyde Tucker has taken no position in the trial court that he is an additional insured under the policy, his answer filed in cause 12,129 being wholly void of any such claim or contention; defendant's insured, Joe Clark, is not a party to cause 12,129; plaintiff E. G. Jones, in cause 12,129, did not make relator a defendant therein; Clyde Tucker has not sought to make relator a third-party defendant in cause 12,129; in neither relator's Motion To Intervene nor in its Petition For Declaratory Judgment does relator offer to become a party nor does it ask to be made a defendant in cause 12,129; in relator's Petition For Declaratory Judgment it neither sought to come into cause 12,129 as a party itself, nor sought to make its insured Joe Clark a party, but it merely desires to intervene in cause 12,129 without becoming a party thereto or making its insured a party. We note also that in relator's "Suggestions In Support Of Petition For Writ of Mandamus" filed here with its petition for our alternative writ relator states: "Relator is entitled to intervention as of right and entitled to file its pleading

seeking a declaratory judgment *so that it will be advised thereby whether it is interested in the outcome of this suit or not* and whether it owes Tucker a defense." A similar statement appears in relator's printed brief. From the above it appears that relator seeks intervention in cause 12,129 that after a trial thereof, it may "be advised * * * *whether it is interested* in the outcome of this suit."

It is now relator's theory and contention, and it is so alleged in its Motion To Intervene in cause number 12,129, and in its Petition For Declaratory Judgment attached to its motion to intervene, that relator has an *interest* in cause 12,129, and that unless relator is permitted to intervene therein and is permitted to file in cause 12,129 its Petition For Declaratory Judgment, and is allowed to have the issues tendered by its Petition For Declaratory Judgment adjudicated in the personal injury case, that the representation of its claimed interest in cause 12,129 may be inadequate, and that it may be bound by the judgment in the personal injury action.

It is also relator's theory and contention that because its insured, Joe Clark, had sold and delivered said truck to O. A. Tucker, Clyde Tucker is not in fact or in ▮▮ law an additional insured under the terms of the above policy, and that relator is in nowise obligated to Clyde Tucker. The prayer of relator's Petition For Declaratory Judgment "prays that the court shall construe *the rights of the parties in said policy* of insurance and shall by its judgment or decrees find that this intervener (relator) is not obligated to defend Clyde Tucker (in case 12,129) and is not obligated under the terms of its policy to either E. G. Jones or Clyde Tucker," etc. [Emphasis ours.]

Relator contends that under RSMo. 1949, Section 507.090, V.A.M.S., it is entitled as of right to intervene in cause 12,129; and that by mandamus we should compel the respondent judge to make an order in cause 12,129 authorizing it to intervene in that case, to file therein its Petition For Declaratory Judgment, and have tried therein the issue of whether the coverage of its policy extends to Clyde Tucker. That portion of Section 507.090 relied on by relator provides that intervention shall be permitted, "(2) When the representation of applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action."

Interventions in pending causes are of two classes, first, those in which the intervention is not indispensable to the asserted right or interest of the petitioner for intervention, and, second, those in which the absolute right is given by statute, or where the intervener's asserted interest can be preserved or enforced only by permitting intervention in a pending cause. 4 C.J.S., Appeal and Error, § 116, pp. 214, 215, City of St. Louis v. Silk, 239 Mo. App. 757, 199 S. W. (2) 23, 27.

Under the above quoted portion of Section 507.090, it must therefore appear that the petitioning intervener must have (1) an "interest" in the pending action, and (2) that the representation of

such interest "by existing parties is or may be inadequate," *and* (3) that intervener "is or may be bound by the judgment in the action."

Our statute requires that before a stranger to the record of a pending cause shall be permitted to intervene in such cause (and file therein an intervening petition seeking judicial determination of tendered issues) it must appear that the petitioning intervener first of all shall have an "interest" in the pending cause. The word "interest," as used in the intervention statute has a definite legal meaning.

"Interest," generally, means a concern which is more than mere curiosity, or academic or sentimental desire. One interested in an action is one who is interested in the outcome or result thereof because he has a legal right which will be directly affected thereby or a legal liability which will be directly enlarged or diminished by the judgment or decree in such action.

As used in the above quoted portion of Section 507.090, and in intervention statutes generally, "interest" means a direct and immediate claim to, and having its origin in, the demand made or proceeds sought or prayed by one of the parties to the original action, but such "interest" does not include a mere consequential, remote or conjectural possibility of being in some manner affected by the result of the original action; to come within the above statute, the "interest" must be such an immediate and direct claim upon the very subject matter of the action that intervener will either gain or lose by the *direct operation* of the judgment that may be rendered therein. Miller v. Boulware, 267 Mo. 487, 184 S. W. 1148, Best and Co. v. Omaha, 149 Neb. 868, 33 N. W. (2) 150, Bernheimer v. Bernheimer, 87 Cal. App. (2) 242, 196 Pac. (2) 813, Universal Oil Products Co. v. Standard Oil Co., 6 Fed. Supp. 37, 43, Bechtel v. Axelrod, 20 Cal. (2) 390, 125 Pac. (2) 836, Commonwealth v. First State Bank of Livingston, 251 Ky. 95, 64 S. W. (2) 485. And see other cases collected in 22 Words and Phrases, Perm. Ed., Interest in Suit or Action, pp. 87, 88.

The subject matter of cause 12,129 is merely an unliquidated claim for money damages. Relator does not contend that ▉▉▉ it has any claim to all or to any portion of the money Jones might possibly recover against Clyde Tucker, so relator has no interest arising from any claim to the subject matter of cause 12,129. Assume, for example, that E. G. Jones might ultimately secure a final judgment for money damages against Clyde Tucker; relator will neither gain nor lose from the direct operation of that judgment. If, in cause 12,129, the ultimate judgment were in favor of defendant Clyde Tucker, relator will neither gain nor lose from the direct operation of that judgment. If the final judgment in cause 12,129 were against Clyde Tucker for money damages, and if Tucker then called on or sued relator for indemnification as to such judgment, relator would have the right to thereafter litigate the question of its liability for such indemnification. Under those circumstances, and that is the only possible way relator

could be interested in cause 12,129, the interest of relator in cause 12,129 is clearly remote and contingent, not proximate or direct or immediate.

So, at most, relator would have every right after verdict against Clyde Tucker that it now has, or will ever have, which right (or interest) is nothing more and nothing less than the right (or interest) to thereafter litigate the question of its liability on its policy, that is, litigate the question of whether the coverage of its policy includes Clyde Tucker. It follows then that relator's claimed "interest" in cause 12,129 is only, and is nothing more than, the right to some day in some proper forum and cause litigate its liability upon its above policy.

Will relator lose his claimed interest, i. e., his right to litigate the question of whether the coverage of its policy G 31763 includes Clyde Tucker, if relator is denied the right to try out that question in cause 12,129, the personal injury action? Can the relator's claimed interest, the adjudication of the above question, be preserved or enforced only by permitting adjudication thereof in the pending personal injury action? Those questions clearly must be answered in the negative. Relator, as the plaintiff, could file an independent declaratory judgment action against its named insured, Joe Clark, and against Clyde Tucker, to have its claimed rights and liabilities under its policy contract G 31763 declared, and to have determined in such independent action whether the coverage of that policy includes Clyde Tucker. If relator should not defend cause 12,129, and if plaintiff therein should recover a judgment against Clyde Tucker, and if relator is ever called upon to pay such judgment, it would be thereafter entitled to its day in court upon the question of its liability to do so. Relator would not be bound by any possible judgment in case 12,129 as that case now stands.

In the petition for our alternative writ of mandamus relator states as a mere conclusion that it has an interest in cause 12,129. In its Motion To Intervene in cause 12,129, relator asserts that "Clyde Tucker contends he is an additional insured under the terms of said garage liability policy." In its offered Petition For Declaratory Judgment relator states: "Intervener (relator) has a very real interest in the outcome of the instant suit (12,129) if the said Clyde Tucker is in fact an additional insured under the terms of said policy," etc. And relator's prayer in that petition seeks to have the trial court declare and construe "the rights of the parties in said policy of insurance."

In the light of all of the above we have concluded that relator has no "interest" within the meaning of the above quoted portion of Section 507.090, such as entitles it to intervene in cause 12,129 as a matter of right. While relator's counsel may have been orally told by Clyde Tucker that he (Tucker) thought that he was entitled to

be considered an additional insured, yet relator has no claim or interest in the subject matter of the personal injury action, and relator will neither gain nor lose by the direct operation of any judgment which may be given in case 12,129.

While the Civil Code must be construed to secure the just, speedy and inexpensive determination of every action, we find nothing therein which authorizes, under these ▇▇▇ instant circumstances, the engrafting upon any pending action of a wholly new action with new issues among new parties, which issues are utterly foreign to the issues of the first pending action. And see also, Chandler & Price Co. v. Brandtjen & Kluge, 296 U. S. 53, 56 S. Ct. 6, 80 L. Ed. 39, Babcock et al. v. Town of Erlanger, 34 Fed. Supp. 293, Cleveland Ry. Co. v. Village of North Olmsted, 198 N. E. 41. There is nothing in our statutes which authorizes that intervention may be so used by strangers to a pending action that it may there become a vehicle by means of which such strangers may urge claims or contentions which have a proper and available forum elsewhere. Our intervention statute should not be so construed that, under these instant circumstances, if plaintiff A asserts a cause of action he may have against defendant B by the filing of A's petition in court tendering the proper issues of his cause of action, that C, a total stranger to such pending controversy, may come into the case of A vs. B and take it over, and thus deprive both A and B of the control of their case and of the issues to be determined therein. And under instant circumstances, where it appears that relator has no "interest" authorizing his coming into cause 12,129 under the above provisions of Section 507.090, the plaintiff in that cause, E. G. Jones, certainly has the right to choose his opponent and to have his cause of action for damages for personal injuries against the defendant Clyde Tucker tried and determined without being interfered with by relator. Miller v. Boulware, supra, State ex rel. McClure v. Dinwiddie, Judge, 358 Mo. 15, 213 S. W. (2) 127.

Relator cites to us and relies upon such cases as Pennsylvania Casualty Co. v. Suburban Service Bus Co., Mo. App., 211 S. W. (2) 524, State ex rel. Duggan v. Kirkwood, Judge, 357 Mo. 325, 208 S. W. (2) 257, Knapp v. Hankins, 106 Fed. Supp. 43, and others. We have examined all the cases cited by relator and find they do not rule this case.

In Pennsylvania Casualty Co. v. Suburban Service Bus Co., supra, no question of the right to intervene in a pending action was involved, and there the Casualty Company had merely brought an independent declaratory judgment action against its insured upon two policies it had issued and there sought to have its rights and liabilities declared. In State ex rel. Duggan v. Kirkwood, supra, it appears there was a pending declaratory judgment action (cause 87,374) for accounting and to declare the rights of the parties thereto under their contract.

One of the parties to the action had deposited $90,000 in the registry of the court pending the outcome of the accounting. Relator Duggan sought to intervene in cause 87,374, contending that whatever amount the trial court determined was due to Magidson (one of the parties to cause 87,374) lawfully and equitably belonged to relator, and that relator had a direct interest in the accounting and of necessity would be bound by the result of the accounting. The facts there demonstrated that whatever sum was determined to be due Magidson would in law be held by him as trustee for relator. In that case Duggan's right to intervene was held to be unconditional for he was in a position to be adversely affected by the distribution of a fund in the custody of the court, as provided for in subsection (3)1 of Section 507.090.

Relator here places its chief reliance upon Knapp v. Hankins, supra, an opinion of a Federal District Court in Illinois. In the Knapp case, Knapp had filed a personal injury action against Hankins under the Illinois Dram Shop Act charging he (Knapp) was struck by a motor car negligently driven by one Jolly who was then intoxicated; that Jolly was intoxicated from a gift or sale to him of alcoholic liquor by defendant Hankins, a tavern operator; Hankins had testified by deposition that on the evening of the casualty but prior thereto, he sold numerous bottles of beer to Jolly; that Jolly then became intoxicated; and that he (Hankins) heard the next morning that Jolly's car had injured Knapp. Highway Mutual Casualty Company had theretofore issued its Illinois liquor liability policy covering defendant Hankins. Nearly two years after Knapp was struck by Jolly, Hankins called on Highway Mutual to defend him in Knapp v. Hankins. Highway Mutual contended Hankins breached the notice provisions of the policy, that the policy was therefore void, and that it was not obligated either to defend Hankins or to pay any judgment obtained against Hankins. Defendant Hankins disputed that he had breached the policy. Highway Mutual then sought to intervene in Knapp v. Hankins, file a declaratory judgment petition upon its policy and have its rights and liabilities upon the policy declared in the pending action. The court permitted the intervention.

The Knapp case is clearly distinguishable from the instant case upon the facts. In the Knapp case, Hankins, the insured, was a party to the suit wherein its insurer sought to intervene; but in the instant case Joe Clark, the insured, is not a party at all. In the Knapp case the validity and applicability of the contract of insurance was in dispute between the insurer and the insured as to the subject of the pending action; but in the instant case there is no dispute whatever between the insurer and the insured, and the latter is not even a party to the suit. The only possible dispute the insurer (relator) has instantly is with Clyde Tucker, who is not a party to the insurance contract. In the Knapp case there was an actual controversy as

to the validity of the policy; but in the instant case no such controversy exists. In the Knapp case, the insurer had an interest in the pending action because there its insured was a defendant and if the policy was not in fact theretofore breached by Hankins, the insurer had to defend and pay any judgment against Hankins; but in the instant case the insured Joe Clark is not a defendant, and the insurer (relator here) may later litigate the coverage question. In the Knapp case there was a justiciable controversy between the insured and the insurer which could be litigated in Knapp v. Hankins, for all parties to the insurance contract were there in court; but in the instant case there is no justiciable controversy on the policy which could be litigated in the case of E. G. Jones v. Clyde Tucker for, if relator were here permitted to intervene, the other interested and necessary party to the insurance contract (the insured) is not in court. Indemnity Co. of North America v. Kellas, 173 Fed. (2) 120, State ex rel. Chilcutt v. Thatch, 359 Mo. 122, 221 S. W. (2) 172.

The above sufficiently distinguishes Knapp v. Hankins from the case presently at bar.

█ From the above we conclude that the respondent judge at least had discretion to overrule relator's motion to intervene in cause 12,129. It is not here contended that respondent judge abused his judicial discretion in overruling relator's motion to intervene. It follows that our alternative writ of mandamus was improvidently issued, and it is therefore discharged. It is so ordered.

█ In the above captioned cause 44,435, filed here subsequent to the filing of the petition for the issuance of the above mentioned alternative writ of mandamus, it was represented to us by separate petition duly filed by relator Farmers Mutuals Automobile Insurance Company, that the respondent judge had signified his intention of proceeding to try cause 12,129. In cause 44,435 therefore we issued our preliminary rule in prohibition prohibiting respondent from taking further action in cause 12,129 until the further order of this court. It follows from our ruling in the mandamus action that the preliminary rule in prohibition issued in above captioned cause 44,435 must also be discharged. It is so ordered.

The foregoing opinion, originally prepared and signed by the late *Roscoe P. Conkling*, J., is, as modified of the court's own motion, adopted as the opinion of the court, and the motion for rehearing is overruled. *Tipton*, C. J., *Leedy, Dalton, Hollingsworth, Hyde, Ellison*, JJ., and *Anderson*, Special Judge, concur.