Saundra EAKINS, a Minor, by Cecil Eakins, Her Next Friend, and Cecil Eakins, Respondents,

v.

Jacob L. BURTON, Defendant,

and

Western Fire & Casualty Company, Intervenor-Appellant.

No. 52765.

Supreme Court of Missouri, Division No. 2.

Feb. 12, 1968.

Downs & Johnson, Edward L. Downs, Gerald H. Johnson, Donald A. Fee, Cape Girardeau, for respondents.

Jackson, Thomasson & Dickerson, Donald P. Thomasson, S. Douglas McLaughlin, Cape Girardeau, for intervenor-appellant.

HOLMAN, Judge.

On December 12, 1966, plaintiffs obtained judgments totaling $50,000 against defendant Jacob L. Burton. Thereafter, Western Fire & Casualty Company filed a motion seeking to intervene and to set aside the aforementioned judgments. That motion was heard and overruled on January 10, 1967. Western has appealed.

A brief statement of facts will suffice. On July 29, 1965, a car driven by Saundra Eakins, then 19 years of age, collided with a car driven by defendant. Saundra and her father, Cecil Eakins, filed suit against defendant on July 25, 1966. Saundra sought $50,000 for her injuries and Cecil $15,000 for medical expenses and for other items recoverable under the circumstances.

Defendant had purchased the car he was driving from Leonard Vaughn, a dealer, on June 28, 1965, but had not obtained title on the date of the accident. Defendant apparently had no liability insurance but Western carried a "garage liability policy" on Vaughn. On the theory that he was an insured under the omnibus clause of Vaughn's policy defendant requested that Western defend this action. Prior thereto he had employed a law firm to defend him

in the suit. His attorneys had filed an answer and a counterclaim containing two counts. Western refused to defend this suit because its representatives thought it was not liable by reason of an exclusion in the policy which provided that no person other than the named insured would be insured with respect to an automobile, "possession of which has been transferred to another by the named insured, pursuant to an agreement of sale." Also, Western admittedly assumed that this action would be vigorously defended by defendant.

On November 5, 1966, plaintiffs and defendant entered into a contract under the provisions of § 537.065 (all statutory references are to RSMo 1959, V.A.M.S.) whereby defendant agreed to dismiss his counterclaim, with prejudice, and plaintiffs agreed that if they obtained a judgment against defendant neither they nor anyone claiming under them would levy execution against defendant, except however, "it is specifically agreed by and between the parties that execution or garnishment proceedings in aid thereof may issue on any such judgment against any insurer which insures the legal liability of the defendant for such damage either at law or in equity." Thereafter, on December 12, 1966, the parties appeared in court and defendant dismissed his counterclaim with prejudice. The case was then heard with each of the plaintiffs testifying on the issues. A judgment for Saundra in the sum of $40,000, and one for Cecil in the sum of $10,000, was then entered. Although Western did not know of the aforementioned contract it was kept fully advised of all proceedings and had been notified that a judgment would be taken.

Western, on December 15, 1966, learned of the judgments that had been entered and immediately served a reservation of rights notice on defendant, and on January 10, 1967, filed a motion by which it sought to intervene and to set aside the judgments and defend the action both on liability and damages. As heretofore stated, the motion was heard and overruled on that date.

The first point briefed by Western is that the trial court erred in overruling its motion because it had a right to intervene under Civil Rule 52.11(a), V.A.M.R. That rule provides, in part, as follows: "Upon timely application anyone shall be permitted to intervene in an action * * * when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action * * *." It is Western's theory that it has a right to intervene because it is or may be bound by the judgment, and by reason of the agreement no one presented any defense or represented its interest in the action. It also contends that its motion was timely because it was filed shortly after it learned of the entry of the judgments without any actual defense having been made by defendant.

The cases cited by Western do not support its contentions. One case it cites is State ex rel. Farmers Mutual Automobile Ins. Co. v. Weber, 364 Mo. 1159, 273 S.W.2d 318, which is similar to the case at bar in many respects. In that case, under similar circumstances, we held that the trial court properly overruled the motion of the insurance company to intervene because the company did not have the "interest" required by the statute. (Section 507.090 is the same as Civil Rule 52.11 in the respects here material.) We there said that "such 'interest' does not include a mere consequential, remote or conjectural possibility of being in some manner affected by the result of the original action; to come within the above statute, the 'interest' must be such an immediate and direct claim upon the very subject matter of the action that intervener will either gain or lose by the *direct operation* of the judgment that may be rendered therein." It was held that since the company would have an opportunity after judgment to litigate its liability under the policy its interest in the original action was "clearly remote and contingent, not proximate or direct or immediate." That decision is actually contrary to Western's contention. The case of State ex rel. Duggan v. Kirk-

wood, 357 Mo. 325, 208 S.W.2d 257, 2 A.L.R.2d 216, cited by Western is clearly distinguishable. There it appeared that the party seeking to intervene was equitably entitled to recover the entire amount for which one of the parties was seeking to obtain judgment. Under those circumstances the party seeking to intervene had a direct interest and the court properly held that he was entitled to intervene. The case also states the rule, with which we agree, that the statute (rule) should be construed liberally to permit broad intervention.

Kollmeyer v. Willis, Mo.App., 408 S.W.2d 370, is also distinguishable from the instant case upon the facts. In that case it was held that the trial court did not err in setting aside a default judgment (within the 30-day period) upon motion of defendant, filed by the attorney for his insurer who was disputing liability under the policy. It appeared, however, that the company had no notice of the setting; that it had an understanding with defendant's previous attorneys that they would defend the suit and if it were subsequently determined that the company was liable it would pay the attorneys for their services. This case does not support Western's contentions.

■ Western says plaintiffs and defendant made a wrongful use of § 537.065. This contention seems to be based upon the fact that the agreement dispensed with the necessity of defendant making a defense to plaintiffs' claims in order to protect his personal interests. We see no merit in that contention. The contract was of a type expressly authorized by the statute. Since the parties were authorized by law to enter into the contract, we hold that their conduct in doing so was not wrongful. See Farmers Mutual Automobile Ins. Co. v. Drane, Mo.Sup., 383 S.W.2d 714. Although defendant did not contest plaintiffs' claims, we see nothing to indicate that the judgments were obtained by fraud or collusion.

■ It should be here mentioned that in the event plaintiffs seek to collect the instant judgments by execution and garnishment Western will have an opportunity to litigate the question of its liability on its policy. Upon the authority of Weber, supra, we accordingly hold, under the circumstances heretofore detailed, that Western did not have such an immediate and direct interest in this action as would support its intervention as a matter of right.

■ We also have the view that the motion of Western was not timely. It had notice concerning all the proceedings, including the fact that judgments were to be taken. Western apparently assumed that defendant would make a vigorous defense and that it could safely refuse to defend under the circumstances. As we view the situation Western took a calculated risk that defendant would contest the claims of plaintiffs and, when he did not do so, sought to have the court give it another chance to defend. We think it is obvious, under these circumstances, that to be timely the motion to intervene should have been filed before the judgments were entered. The case of Cuthill v. Ortman-Miller Machine Co., 7 Cir., 216 F.2d 336, cited by Western, does not support its contention of timeliness when applied to the facts of this case. In Cuthill it was held that a stockholder was entitled to intervene where he alleged that a judgment had been entered against the corporation as a result of fraud and collusion between plaintiff and those representing the corporation.

■ Western also contends that it should have been permitted to intervene under Civil Rule 52.11(b), which provides for permissive intervention, and that the court abused its discretion in failing to permit it to intervene. That subdivision of the rule also requires that the application be *timely*. Our ruling to the effect that Western's motion was not timely is sufficient to dispose

of this contention and it is therefore ruled adversely to Western.

The order appealed from is affirmed.

DONNELLY and EAGER, JJ., concur.

FINCH, P. J., not sitting.