**FRANKLIN COUNTY MERCANTILE BANK, Plaintiff-Respondent,**

v.

**Elizabeth F. COLEMAN, et al. and Alfred Woodcock, Intervenor-Appellant.**

No. 45885.

Missouri Court of Appeals, Eastern District, Division Two.

May 31, 1983.

Stanley D. Williams, Briegel & Dempsey, P.C., Union, for intervenor-appellant.

John Robert O'Connor, William D. Kimme, Kimme, Lamke & O'Connor, Washington, for plaintiff-respondent.

GAERTNER, Judge.

Plaintiff, Franklin County Mercantile Bank, instituted an action against Elizabeth, David and Cindy Coleman seeking possession of a mobile home pursuant to the terms of a security agreement upon which the Colemans were in default. Appellant filed a motion to intervene pursuant to Supreme Court Rule 52.12(a)(2) claiming a lien interest in the mobile home which would be impaired if plaintiff was successful in the underlying action. The trial court denied the motion to intervene and this appeal ensued. We affirm.

The motion to intervene alleges that appellant is the owner of a mobile home park where the subject mobile home is located and that he is owed significant sums of money for its storage. Appellant contends here that by reasons thereof he is entitled to a common law lien or a landlord's lien under § 441.240, RSMo 1978, and that his interest will not be adequately represented by the existing parties.

The threshold question is whether or not appellant had an "interest relating to the property" as required by Rule 52.12(a). That phrase has been defined as meaning "a direct and immediate claim to, and having its origin in, the demand made or proceeds sought or prayed by one of the parties to the original action but such interest does not include a mere consequential, remote or conjectural possibility of being in some manner affected by the result of the original action; to come within the meaning of the statute, the interest must be such an immediate and direct claim upon the very subject matter of the action that the intervener [sic] will either gain or lose by the *direct operation* of the judgment that may be rendered therein." (emphasis in original) *Matter of Trapp,* 593 S.W.2d 193, 204 (Mo. banc 1980), quoting from *State ex rel. Farmers Mutuals Insurance Company v. Weber,* 364 Mo. 1159, 273 S.W.2d 318 (banc 1954).

■ The allegations of appellant's petition that he supplied "goods, merchandise and services for storage of said trailer" are insufficient to entitle appellant to a common law lien. Such a lien, referred to at times as an artisan's lien, is held to arise where, by reason of the workman's labor and skill, and his furnishing of materials, the value of the property has been enhanced. *Mack Motor Truck Company v. Wolfe,* 303 S.W.2d 697, 699 (Mo.App.1957). Taking as true the allegations of appellant's petition, the furnishing of goods, merchandise and services were for the purpose of storage of the mobile home, not to enhance its value. No common law lien for storage has been recognized in Missouri. *Mack Motor Truck Company v. Wolfe,* 303 S.W.2d at 702.

■ Secondly, appellant contends he is entitled to a "landlord's lien" pursuant to § 441.240, RSMo 1978. This section provides for an order of attachment of personal property to issue from the court upon the filing of an affidavit that, *inter alia,* rent remains due and unpaid after demand. No such affidavit has been filed herein. The statute further conditions the issuance of an attachment order upon the filing of a bond in double the amount sued for. No such bond has been filed.

■ The pleadings fail to allege facts sufficient to establish a lien on either of the theories advanced by appellant. They demonstrate a remote or conjectural possibility that appellant, in similar fashion to all other unsecured creditors of the Colemans, may be affected by a depletion of the debtor's assets resulting from the underlying action. But this is not the type of "immediate and direct claim upon the very subject matter of the action" needed to support intervention as a matter of right under Supreme Court Rule 52.12(a).

The order of the trial court denying the motion to intervene is affirmed.

SNYDER, P.J., and DOWD, J., concur.