**Kathleen QUICK, Plaintiff–Respondent,**

v.

**Kendrick Carmel WILHITE, Defendant,**

**and**

**Agency Rent–A–Car, Inc., Intervenor–Appellant.**

No. 19524.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 18, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 21, 1995.

Application to Transfer Denied
April 25, 1995.

Kenneth A. Slavens and James B. James, St. Louis, for intervenor-appellant.

Thomas W. Millington, James W. Newberry, Springfield, for plaintiff-respondent.

PREWITT, Judge.

On April 27, 1993, plaintiff obtained a default judgment against defendant for 6.5 million dollars. Plaintiff's claim arose from an automobile collision in which defendant was operating a vehicle he rented from appellant. On March 24, 1994, appellant sought to intervene in the matter, alleging that it "is a self-insurer under the laws of the states of the States of Missouri and Nebraska and would be called upon for indemnification of any judgments against Kendrick Carmel Wilhite for actions arising from his operation of the . . . vehicle". The trial court denied the motion to intervene.

Appellant appeals, contending that it could intervene as a matter of right under Rule 52.12(a). Appellant states in its first point that it "had an interest relating to the property or transaction which is the subject matter of the action; the disposition of the action as a practical matter impaired and impeded agency's ability to protect that interest and; agency's interest was inadequately represented by the existing parties and as a mat-

ter of law the trial court should have granted agency's motion to intervene."

As stated in *Whitehead v. Lakeside Hosp. Ass'n*, 844 S.W.2d 475, 479 (Mo.App.1992), Missouri courts have previously determined:

> "The liability of an insurer as potential indemnitor of the judgment debtor does not constitute a direct interest in such a judgment so as to implicate intervention as of right in that action. Rule 52.12(a). That is because the insurer does not either 'gain or lose from the direct operation of that judgment.' *State ex rel. Farmers Mut. Auto Ins. Co. v. Weber*, 364 Mo. 1159, 273 S.W.2d [318,] at 321[4]. An insurer does not have an interest that implicates the rule until the insurer is called upon to make indemnity as to the judgment. It is when a claim for potential indemnity becomes a demand for actual indemnity that the direct interest [right] of the insurer to intervene in the other action accrues. That 'interest' is 'only, and nothing more than, the right to some day in some proper forum and cause litigate its liability upon its above policy.' 364 Mo. 1159, 273 S.W.2d at 322." [1]

Appellant relies extensively upon the *Frost* cases cited in note 2 below. However, those cases both involved uninsured motorist coverage and not liability coverage. The right to intervene, in uninsured motorist cases is necessarily different. *See Oates v. Safeco Ins. Co.*, 583 S.W.2d 713, 719 (Mo. banc 1979). *See also State ex rel. State Farm Mut. Automobile Ins. Co. v. Craig*, 364 S.W.2d 343, 346–349 (*Weber*, upon whom *Whitehead* primarily relies distinguished in uninsured motorist case).

In this case appellant's position is essentially that of a liability insurance carrier. *See Gage & Tucker v. Director of Revenue*, 769 S.W.2d 119, 122–123 (Mo. banc 1989). We conclude *Whitehead* and the cases therein discussed control. The trial court correctly denied appellant's motion to intervene.

---

1. *Eakins v. Burton*, 423 S.W.2d 787 (Mo.1968), has a similar holding which also supports the trial court.

2. Nor do we determine whether the trial court could deny the motion to intervene because it was not, as respondent contends, timely filed.

With its motion to intervene appellant also filed motion to set aside the judgment. Appellant's remaining two points pertain to the trial court's refusal to rule on the motion and set aside the judgment. As we determine that the trial court did not err in refusing to allow appellant to intervene, we need not rule those points.[2]

The judgment is affirmed.

PARRISH and CROW, JJ., concur.

On the timeliness of a motion to intervene, see *Frost v. Liberty Mut. Ins. Co.*, 813 S.W.2d 302, 304 (Mo. banc 1991); *Pius v. Boyd*, 857 S.W.2d 238, 242 (Mo.App.1993); *Frost v. White*, 778 S.W.2d 670, 672–673 (Mo.App.1989).