**Raymond J. COX, Respondent,**

v.

**Robert STECK, Defendant,**

**State Farm General Insurance
Co., Appellant.**

No. 73993.

Missouri Court of Appeals,
Eastern District,
Southern Division.

March 23, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 12, 1999.

Application to Transfer Denied
June 29, 1999.

Kathy M. Wilke, Clayton, for appellant.

James R. Tweedt, Bloomfield, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

State Farm General Insurance Company ("State Farm") appeals from a judgment of the Circuit Court of Cape Girardeau County in a garnishment proceeding ordering State Farm to pay a $25,000 judgment in favor of Raymond Cox as a result of injuries sustained in an incident in a bar involving State Farm's insured, Robert Steck. State Farm contends that Cox's injuries were "expected or intended" by Steck and due to his "willful and malicious" acts and therefore not covered under the policy; Steck contends the injuries were accidental. State Farm was not a party to the underlying action, and it argues that it should not be bound by that court's determination that Steck was negligent, because its participation in that action would have created an inherent conflict of interest. We reverse and remand.

On June 6, 1993, Cox and Steck were involved in an altercation at Big Al's Night Club in Cape Girardeau, Missouri. As a result, Cox was struck in the face and suffered a skull fracture. Cox brought an action against Steck in the Circuit Court of Cape Girardeau County on April 26, 1994. On June 24, 1994, Cox filed his first amended petition, alleging assault and, in the alternative, negligence. On July 6, 1994, Steck filed an answer which included a counterclaim also alleging assault and negligence.

At the time of the incident, Steck was insured by State Farm.[1] On July 20, 1994,

---

1. The homeowner's policy provided, in pertinent part, that State Farm would pay for medical payments incurred as a result of an "accident causing **bodily injury** ... to a person off the **insured location**, if the **bodily** injury ... is caused by the activities of an **insured**." This coverage did "not apply to ... **bodily injury** ... which is either expected or intended by an **insured**; or ... to any

State Farm undertook defense of the case under a reservation of rights. On November 15, 1994, State Farm withdrew its representation of Steck and denied policy coverage for Cox's claims. On May 4, 1995, Cox's attorney sent a letter to the judge to whom the case was being assigned, stating that the parties were "in agreement that the defendant negligently injured the plaintiff," and that the plaintiff had agreed "not to execute upon this Judgment other than going after a home owners insurance policy."

On June 6, 1995, Cox and Steck appeared for trial. Steck's attorney said at that time that "we have made our deal with the plaintiff whereby he could get a judgment." He announced that Cox and Steck had agreed to limit recovery to an insurance policy. Section 537.065 RSMo 1994. A short trial was held. On June 8, 1995, the court entered judgment in favor of Cox. The court found that the defendant "negligently injured" the plaintiff and awarded Cox $25,000 in damages.

Cox then filed a separate garnishment action against State Farm. In response to Cox's interrogatories, State Farm denied that Steck was covered for this incident because the bodily injury to Mr. Cox was "expected or intended" by Steck and due to his "willful and malicious act," and because Cox's injury was not accidental in nature. Cox replied that the court in the underlying case made a specific finding that his damages were caused by Steck's negligence. State Farm then responded that the underlying judgment was void, and that State Farm was prejudiced by not having the opportunity to defend issues of liability and coverage in the underlying action.

Cox moved for summary judgment in the garnishment action, arguing that State Farm should be bound by the judgment in the underlying action, and that it should be collaterally estopped to deny coverage. State Farm, in turn, argued that it was entitled to litigate the issue of lack of coverage. State Farm further contended that it could not have defended Steck in the underlying action because there was an inherent conflict of interest between State Farm and Steck, and therefore it should not be penalized for not participating.

On July 10, 1997, the court entered partial summary judgment. The court stated that State Farm was bound by the fact finder's determination of liability and damages in the underlying action. However, the court did not grant summary judgment against State Farm on the issue of insurance coverage, finding that State Farm could still challenge coverage in a separate declaratory judgment action or move in the garnishment action to set aside the underlying judgment on the grounds of fraud or collusion.

Following a hearing on the garnishment proceeding, the trial court entered its findings of fact and conclusions of law. Once again, the court concluded that State Farm had already had an opportunity to litigate the underlying action and was therefore estopped to litigate it again. The court granted Cox judgment against State Farm in the amount of $25,000.

On appeal, State Farm argues that the court in the garnishment proceeding erred in holding that (1) collateral estoppel barred State Farm from relitigating the issue of negligence, (2) State Farm was estopped to litigate the issue of Steck's liability because it had a duty to defend Steck and in refusing to do so was bound by the underlying judgment, and (3) the finding of negligence in the underlying suit bound State Farm in the garnishment action because it was not supported by substantial evidence and Cox failed to plead that Steck negligently injured Cox in the amended petition.

In a court-tried garnishment action, the appellate court will sustain the judgment unless there is no substantial evidence to support it, it is against the

person or property which is the result of

willful and malicious acts of an **insured**."

weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *M.A.B. v. Nicely,* 911 S.W.2d 313, 315 (Mo.App.1995); *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). However, in reviewing whether the application of collateral estoppel is proper, we consider the following four factors: (1) whether the issue in the present case is identical to the issue decided in the prior adjudication; (2) whether there was a judgment on the merits in the prior adjudication; (3) whether the party against whom collateral estoppel is asserted is the same party or in privity with a party in the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Neurological Medicine, Inc. v. General Am. Life Ins. Co.,* 921 S.W.2d 64, 68 (Mo.App.1996). "Fairness is the overriding consideration." *Id.* We will first consider whether the court correctly applied collateral estoppel.

For collateral estoppel purposes, parties are in privity when the interests of the nonparty are so closely related to the interests of the party that the nonparty can be fairly considered to have had his or her day in court. *Missouri Ins. Guar. Ass'n v. Wal–Mart Stores, Inc.,* 811 S.W.2d 28, 32 (Mo.App.1991). Privity is not established simply because the parties are interested in the same question or in proving or disproving the same state of facts. *Clements v. Pittman,* 765 S.W.2d 589, 591 (Mo. banc 1989). In the underlying action, Steck's theory was that Cox's injury was accidental, since accidents were covered by his State Farm policy and his insurer would pay the judgment. On the other hand, State Farm's theory was that liability, if any, arose because the injuries were intended or the result of a willful or malicious act. Such an act would not be covered by the policy and State Farm would not have to pay the judgment. Therefore, State Farm's interests were not so closely related to Steck's that State Farm would be considered to have had its day in court.

Furthermore, State Farm did not have a full and fair opportunity to litigate the issue of liability in the underlying action. Its theory that Steck's act was intentional or willful and malicious is inherently in conflict with Steck's theory that the injury was accidental. As a result of this conflict, we believe that State Farm did not have a full and fair opportunity to litigate the issues in the underlying suit. *See Neurological Medicine, Inc.,* 921 S.W.2d at 68 (plaintiff cannot assert collateral estoppel against defendant who was not a party to the prior suit and had no control over that litigation).

Our Supreme Court has held that collateral estoppel should not be applied in uninsured motorist cases in which there is an inherent conflict of interest. *Oates v. Safeco Ins. Co. of America,* 583 S.W.2d 713, 719–21 (Mo. banc 1979). In *Oates,* the court found it inequitable to apply the collateral estoppel rule because of the conflict of interest. *Id.* We believe the facts of this case give rise to a similar conflict of interest. As a result, we find that State Farm was not in privity with Steck, and also did not have a full and fair opportunity to litigate the issue of liability. It would therefore be inequitable to apply collateral estoppel to bar State Farm from litigating this issue.

Cox also argues that State Farm should be bound by the court's decision in the underlying case because even though State Farm was originally defending Steck in that trial, it later withdrew. Since State Farm had the opportunity to participate, Cox argues, it should not have the right to relief because the judgment was not in its favor.

A liability insurer's duty to defend a suit against its insured is measured by the language of the policy and the allegations contained in the plaintiff's petition. *Scottsdale Ins. Co. v. Ratliff,* 927 S.W.2d 531, 532 (Mo.App.1996). Where an insurer

is bound to protect another from liability, it is bound by the result of the litigation to which such other is a party, provided it had the opportunity to control and manage it. *Drennen v. Wren,* 416 S.W.2d 229, 234–35 (Mo.App.1967).

Cox argues that the decision to withdraw should preclude State Farm from relitigating the issue. An insurer may refuse to defend because the claim upon which the action against the insured was based is outside the coverage of the policy, but this decision is "attended with risk." *Whitehead v. Lakeside Hosp. Ass'n,* 844 S.W.2d 475, 481 (Mo.App.1992). However, this general principle may not apply in situations where the insurer has an inherent conflict of interest with the insured. *See Oates,* 583 S.W.2d at 719–21; *Lodigensky v. American States Preferred Ins. Co.,* 898 S.W.2d 661, 667 n. 3 (Mo.App.1995). State Farm's presence in the underlying action would have created such a conflict. As mentioned previously, had State Farm undertaken Steck's defense at trial, it would have had to argue that Steck's actions were not intentional, willful, or malicious. Such a posture would be untenable given the fact that State Farm's own argument would have been that Steck's actions were indeed of this nature and therefore not covered by the insurance policy.

We believe State Farm should have the right to litigate the issue of the nature of Steck's conduct. *See Whitehead,* 844 S.W.2d at 481 (in uninsured motorist cases "the non-intervention in an action against the insured by an insurer who contests coverage does not estop the insurer from later litigating the issue"). *See also Farm Bureau Mut. Auto. Ins. Co. v. Hammer,* 177 F.2d 793, 801 (4 th Cir.1949) (when participation in the underlying action would create an inherent conflict of interest, insurance company is still "entitled to its day in court to show, if it can, that its policy did not cover the injurious acts which the insured committed"); *Thornton v. Paul,* 74 Ill.2d 132, 23 Ill.Dec. 541, 384 N.E.2d 335, 343 (1978) ("Although the allegations of the complaint determine whether or not the insurer is obligated to provide a defense, when there is a conflict of interests, ... the insurer should not be obligated or permitted to participate in the defense of the case."); *Glens Falls Ins. Co. v. American Oil Co.,* 254 Md. 120, 254 A.2d 658, 663–67 (1969) (an insurer's obligation to defend is relieved where it is "faced with an unresolved conflict of interest to that of its insured," and insurer was not estopped "to raise its defense of non-coverage by reason of an intentional, non-accidental act by the insured"); *Burd v. Sussex Mut. Ins. Co.,* 56 N.J. 383, 267 A.2d 7, 11 (1970) (whenever the insurer's position so diverges from the insured's that the insurer cannot defend the action with complete fidelity to the insured, "there must be a proceeding in which the carrier and the insured, represented by counsel of their own choice, may fight out their differences"); *Ferguson v. Birmingham Fire Ins. Co.,* 254 Or. 496, 460 P.2d 342, 348 (banc 1969) ("The judgment should operate as an estoppel only where the interests of the insurer and the insured in defending the original action are identical—not where there is a conflict of interests."). *See also* 44 AM.JUR.2D *Insurance* section 1415 (1982); 7C JOHN ALAN APPLEMAN, INSURANCE LAW AND PRACTICE section 4685.01 (1979).

█ In its judgment in the garnishment proceeding, the court noted that State Farm did not challenge coverage in a separate declaratory judgment action or move in the garnishment action to set aside the underlying judgment on the grounds of fraud or collusion.[2] While the court suggests that these may be the sole remedies

---

2. The judgment reads in part: "Either a separate declaratory judgment could have been filed or State Farm could have moved to set aside the underlying judgment ... State Farm did not seek either remedy, after being given ample opportunity to do so, and proceeded to trial ..."

available to an insurer, we do not believe this is necessarily true.

■ The question in this case is whether the insured's conduct was covered by the policy. In a typical declaratory judgment action by an insurer, the question of the insured's liability to the injured party is not the issue. It may not be in the interests of either the insured or the injured party to determine the question of coverage in a declaratory judgment proceeding where that issue is "closely and directly connected" with the issue of the insured's personal liability to the injured party. *Thornton*, 23 Ill.Dec. 541, 384 N.E.2d at 345–46 (citing *Great American Ins. Co. v. Ratliff*, 242 F.Supp. 983, 990 (E.D.Ark.1965)). As a result, we do not believe that a declaratory judgment action is the sole forum in which the insurer can litigate the issue of coverage. *See Whitehead*, 844 S.W.2d at 479 (insurer may be entitled to litigate the question of coverage in proceedings other than declaratory judgment actions); *see also State ex rel. Farmers Mut. Auto. Ins. Co. v. Weber*, 364 Mo. 1159, 273 S.W.2d 318, 322 (banc 1954) (if insurer does not defend in underlying action and is later called on to pay a judgment, insurer is "entitled to its day in court on the question of liability"). Furthermore, we do not believe State Farm's only remedy in the garnishment action was to move to set aside the underlying judgment for fraud or collusion. The insurer should have the opportunity to litigate the issue of whether the insured's conduct fell within the policy coverage without requiring the insurer to assume the increased burden of proving fraud or collusion in the underlying case.

■ We do not disagree with the well-settled principle that an insurer who elects not to defend an insured under a contractual duty should be bound by the underlying judgment if its decision concerning coverage is wrong. *See State ex rel. Rimco v. Dowd*, 858 S.W.2d 307, 308–09 (Mo. App.1993); *Lodigensky*, 898 S.W.2d at 667 n. 4. However, under the specific facts

before us, State Farm is not barred from litigating the issue of liability and policy coverage since an inherent conflict of interest prevented it from raising these issues in the underlying action.

Since we find that the trial court erred in barring State Farm from litigating the issue of liability, we decline to rule on the remainder of State Farm's points on appeal. We reverse and remand for further proceedings consistent with this opinion.

JAMES R. DOWD, J., and LAWRENCE E. MOONEY, J., concur.