PINE LAWN BANK & TRUST COMPANY, a Corporation, Plaintiff-Appellant, v. CITY OF PINE LAWN, a Municipal Corporation, Defendant, GILBERT AUTY and ANNA FERNE AUTY, Intervenors-Respondents, No. 44760—285 S. W. (2d) 679.

Division Two, January 9, 1956.

*Gerwitz & Seegers* and *G. L. Seegers* for appellant.

*Lester Watson* and *Wm. J. Hough* for respondents.

[680] STORCKMAN, J.—In this action, begun as a declaratory judgment suit, the filing of an intervening petition was allowed. The object of the intervening petition was to cancel a note and deed of trust held by the plaintiff and to enjoin foreclosure. After a hearing on an order to show cause, a temporary injunction was issued. On final hearing of the issues brought into the case by the intervening petition the note and deed of trust were cancelled and a permanent injunction was issued. From such order and judgment this appeal was taken. The issues between the parties to the original action have not been heard or determined and are not involved on this appeal.

An outline of the various pleadings filed and proceedings had in the trial court is necessary to a proper understanding of the questions involved. The plaintiff, Pine Lawn Bank & Trust Company, a banking corporation, on April 9, 1954, filed a declaratory judgment action against the defendant, City of Pine Lawn, a municipal corporation of the fourth class. In its petition the plaintiff alleged that the de-

fendant city had asserted a claim of liability against it and had demanded to be reimbursed for a deficiency of $34,642.70 in city funds on deposit with the defendant bank caused by the wrongful and unauthorized acts of the city clerk, Gilbert Auty. The plaintiff bank tendered with its petition and deposited with the clerk of the circuit court two cashier's checks aggregating the amount of the demand, and prayed for an adjudication of the rights and liabilities of the plaintiff and defendant and the payment [681] out of the checks on deposit of any amount found to be due from the plaintiff to the defendant. The defendant, on April 14, 1954, answered requesting the adjudication of the rights of the parties and the payment to the defendant of the two checks which plaintiff had deposited. Shortly thereafter, on April 21, Gilbert Auty and Anna Ferne Auty, his wife, were allowed to intervene in the action. Their intervening petition sought the cancellation of a note and deed of trust for $14,848.65, and an injunction against the plaintiff and the trustee in the deed of trust from foreclosing it. Neither the plaintiff nor the defendant were served with a motion to intervene as provided in § 507.090, RSMo 1949, V.A.M.S. The parties were served with an order to show cause on May 6, 1954, why a temporary injunction should not be issued.

On May 5 the defendant city filed its amended answer and cross bill against the plaintiff in which it denied for the first time that the plaintiff bank had made an unrestricted tender of the sum of $34,-642.70. This new pleading further set up a cross bill against plaintiff alleging that on November 23, 1953, the defendant city demanded of plaintiff bank the sum of $34,642.70 which represented cash paid by the plaintiff bank to Gilbert Auty in exchange for checks made to the defendant city and restrictively endorsed for deposit only in plaintiff bank for the credit of the defendant city and further represented money given by plaintiff bank to the said Gilbert Auty in exchange for checks bearing improper and unauthorized endorsements. The pleading further alleged that the said Gilbert Auty had no authority of any kind whatsoever to receive withdrawals from said bank account of defendant city or to receive the proceeds of checks restrictively endorsed for deposit to the account of the defendant city in the plaintiff bank. The prayer of this so-called cross bill was for $34,642.70, with interest at six per cent from November 23, 1953, the date of demand.

On May 6 plaintiff bank filed its return to the order to show cause. In addition to factual denials and allegations, the plaintiff objected to the filing of the intervening petition and requested that it be stricken. In this state of the record the hearing on the order to show cause was held on May 6, which hearing resulted in the granting of a temporary injunction upon the intervenors' posting a bond for $1500.00.

Thereafter, on May 14, the plaintiff bank filed an answer to the intervening petition which, in brief, consisted of further denials and allegations with respect to the facts in issue, and further objection to the standing of intervenors as proper parties in the case. The prayer of the answer was for dismissal of the intervenors' petition. On the same day the plaintiff bank filed its separate cross claim against Gilbert Auty which alleged that if judgment was rendered against the plaintiff bank and in favor of the defendant city, the bank would be entitled to have judgment over against Gilbert Auty for the amount of any such judgment. This cross claim was directed at Gilbert Auty alone and did not refer to or ask any relief against the intervenor Anna Ferne Auty. Thereafter, on June 23, the intervenors filed an answer to the plaintiff's cross claim, which denied generally the allegations of such cross claim against Gilbert Auty. On the same day the plaintiff bank filed a motion to dismiss the defendant city's amended counterclaim and for judgment in favor of the bank against the defendant city.

The final hearing on the intervening petition and responsive pleadings thereto was held on June 23, 1954, and the matter was taken under advisement by the court. On November 1, 1954, the court rendered its decree finding that Anna Ferne Auty had executed the note and deed of trust as a result of duress and ordered the said instruments cancelled as to her, and further enjoined the plaintiff and plaintiff's trustee, Douglas W. Dodds, from foreclosing said deed of trust. The decree further recited that the court, having heard no testimony from the intervenor Gilbert Auty, found against him and dismissed his intervening petition. Plaintiff's motion for [682] judgment or, in the alternative, for a new trial was directed against the judgment entered in favor of the intervenor Anna Ferne Auty. In connection with the overruling of the motion, on December 29, the court filed a memorandum which, among other things, stated that the court believed that the intervention was proper because "The subject matter of intervenors' petition involves the same money tendered as settlement in this cause by plaintiff to defendant, or part of the same, as that involving the deed of trust which intervenors sought to have cancelled." On December 30 defendant city filed in the cause its second amended answer to plaintiff's petition, which alleged that only the city treasurer had authority to withdraw the funds from the city's accounts at the plaintiff bank and further amplified and extended the factual allegations. The relief requested, however, was the same, the recovery of $34,642.70 together with interest thereon from November 23, 1953, at the rate of six per cent, and for its costs. In due course this appeal was taken "from the judgment in favor of intervenor, Anna Ferne Auty, and against this plaintiff."

It will not be necessary to review in detail the testimony of the witnesses at the trial on the merits. It is sufficient for the present

to say that the evidence adduced by the intervenors tended to show that plaintiff's representative went to the Auty home at about noontime on August 24, 1953, and made representations to Mr. and Mrs. Auty that Mr. Auty was short in his accounts with the city and that a report of such fact was to be made to the city council that night; that Mr. Auty was likely to be prosecuted and it would be helpful if the Autys signed a note for $14,848.65 and a deed of trust securing the same on the residence property of the Autys which then stood in the name of Mrs. Auty, having been transferred to her name alone from Mr. and Mrs. Auty as tenants by the entirety on about March 18, 1953. Intervenors' evidence further tended to show that Mrs. Auty had requested that the matter be deferred until the next day in order that she could interview an attorney, and that such request was denied by plaintiff's representative. The plaintiff bank adduced evidence denying the use of duress. Gilbert Auty did not take the stand at all but Mrs. Auty testified at both trials. On this conflicting evidence the trial court found the issues in favor of the intervenor, Anna Ferne Auty, and against the plaintiff. As heretofore stated, the intervening petition of Gilbert Auty was dismissed.

The defendant City of Pine Lawn has treated the intervention as a contest solely between the plaintiff bank and the Autys. It did not file any return to the order to show cause or answer to the intervenors' petition. The city took little or no part in the trial of the issues and did not appeal. It has filed no brief on appeal.

Appellant bank contends that the trial court erred in the following particulars: Because the intervenors' petition and application failed to state facts entitling them to the relief prayed for in that the pleading contained merely conclusions. Because intervention was permitted contrary to the statute in that the court acquired no jurisdiction over the parties and because there was no question of law or fact common to the cause on intervention and the main cause, and the intervention injected an independent controversy into the original case. Because Douglas W. Dodds, trustee in the deed of trust, an indispensable party to the intervening cause of action, was not made a party to the action. Because the judgment did not dispose of the entire controversy in that the note, deed of trust and other documents were cancelled as to Anna Ferne Auty only. Because the evidence was insufficient to warrant the judgment of cancellation and injunction and that the intervenors were guilty of laches in not acting promptly after the alleged duress was removed.

We shall first consider the assignment that intervention injected an independent controversy and foreign issue into the original case. This question requires a more detailed examination of the issues made by the pleadings in the original action and by the intervening petition. At the time [683] the application was made and intervention was permitted, defendant city had filed its answer to plaintiff's

petition. Plaintiff's petition alleged in substance that the plaintiff was a banking corporation and the defendant a city of the fourth class, and that the defendant had been a depositor with the plaintiff bank since about 1947; that Gilbert Auty was city clerk and one of his duties was to deposit certain funds in the plaintiff bank, and in August, 1953, the defendant city notified the plaintiff bank that City Clerk Auty had converted to his own use funds that should have been deposited and that the city would look to the bank for reimbursement; that on August 24, 1953, the bank loaned to Auty and his wife $14,848.65 "on collateral security" which loan was to cover any and all shortages that might be disclosed in Auty's accounts, and Auty and his wife had authorized the plaintiff to pay to defendant the proceeds of the loan if an audit of the accounts disclosed a deficiency; that the plaintiff completed the loan and issued its cashier's check and held the same awaiting the completion of the audit; that on November 23, 1953, the defendant city demanded of the plaintiff the sum of $34,642.70 in accordance with the final audit; that on December 9, 1953, the plaintiff tendered to the defendant city the sum of $34,642.-70, the full amount demanded, which tender consisted of a cashier's check for $14,848.65, being the proceeds of the loan to Auty and his wife, and another cashier's check for $19,794.05; that defendant refused the tender and had threatened suit, and unless the court adjudicated the rights and liabilities of the parties the plaintiff would be subjected to litigation and expense and that the plaintiff had no adequate remedy at law. The plaintiff delivered the two checks to the clerk of the court to abide the decision of the court. The prayer of plaintiff's petition was that the court determine the rights and liabilities of the parties and determine the amount due from plaintiff to defendant and satisfy the judgment out of the checks on deposit and that any excess funds on deposit be returned to the plaintiff and that costs be assessed against the defendant.

Defendant's answer alleged in substance: That the checks as alleged in plaintiff's petition were offered to the defendant by the plaintiff but were withdrawn because the parties could not agree upon the terms of the release to be given; that in view of the allegations in plaintiff's petition, the defendant was now willing to accept said checks in full and complete satisfaction of defendant's claim. The prayer of defendant's answer was that the court order the clerk of the court to pay over to the defendant the checks described in plaintiff's petition and that "the Court adjudicate this cause at its earliest convenience, in view of the fact that the defendant is a municipal corporation of the 4th Class," and that the costs be assessed against the plaintiff.

It was in this stage of the pleadings that the intervenors filed in the cause their pleading entitled, "Application of Gilbert and Anna Ferne Auty to Intervene and to Enjoin Plaintiff, Pine Lawn Bank & Trust Company, a Banking Corporation, and Douglas W. Dodds,

672

as Trustee, From Foreclosing a Certain Deed of Trust as Set Out in Plaintiff's Petition.'' The first paragraph of intervenors' petition reads: ''Now at this day comes Gilbert Auto and Anne Ferne Auty and state to the Court that they are the same parties referred to in paragraph 5 of plaintiff's petition and request the Court for permission to intervene herein on their own behalf.''

Then follows a series of admissions and denials of the various paragraphs of plaintiff's petition, in which intervenors admit that plaintiff is a banking corporation, that defendant is a city of the fourth class, that defendant city has been a depositor with the plaintiff bank since about 1947, and that Gilbert Auty was elected city clerk for the City of Pine Lawn and deny all other allegations of plaintiff's petition. Then follows what is denominated ''COUNT 2,'' which states:

''Comes now Anna Ferne Auty and Gilbert Auto Intervenors herein and state to the Court that Anna Ferne Auty is the owner of certain real property [684] and was at all times herein mentioned, of Lot 47 of Council Grove Heights, and more particularly known and numbered as numbered 6105 Margaret Avenue, Pine Lawn, Missouri.

''Intervenors further state that on or about the 24th day of August, 1953, James T. Dodds, Vice-President of the Pine Lawn Bank & Trust Company, plaintiff herein, secured for the plaintiff herein a certain promissory note and deed of trust from Anna Ferne Auty and Gilbert Auty, which note and deed of trust was obtained from the said Anna Ferne Auty and Gilbert Auty through and by fraud, duress, misrepresentation and deception.

''Intervenors further state that Douglas W. Dodds, President of the Pine Lawn Bank & Trust Company is named as Trustee in the aforementioned deed of trust, and is now advertising said property for foreclosure on the 10th day of May, 1954.

''Intervenors further state that they have no adequate remedy at law, and that unless Douglas W. Dodds, Trustee, and plaintiff Pine Lawn Bank & Trust Company are restrained and forbidden from selling said property on the 10th day of May, 1954; as above described, Intervenors Anna Ferne Auty, owner of said property, and Gilbert Auty, will suffer irreparable loss and damages.

''WHEREFORE, Intervenors and Anna Ferne Auty, owner of said property and Gilbert Auty pray the Court to enter its decree enjoining and restraining the said Trustee Douglas W. Dodds and the plaintiff Pine Lawn Bank & Trust Company from foreclosing under the above mentioned deed of trust in which the said Douglas W. Dodds is Trustee, and that said note and deed of trust executed by the Intervenors be declared null and

void and that said note and deed of trust be cancelled; and that said deed of trust be released of record by the holder thereof, and that in the meantime a temporary writ of injunction shall issue restraining and enjoining Douglas W. Dodds, Trustee, and the plaintiff, Pine Lawn Bank & Trust Company, from continuing the advertising the above mentioned property for sale and the foreclosure thereof on the 10th day of May, 1954, and that the Court make such other and further orders and decrees as to the Court may seem, just and proper.''

Intervenors took no position on any relief prayed for by plaintiff or defendant. The first section of intervenors' petition, in the nature of an answer to plaintiff's petition, ends with this prayer: ''Wherefore, having fully answered, these Intervenors pray to go hence with their costs.'' Actually, all the intervening petition purports to do is to set up a cause of action by the Autys against the plaintiff bank to annul and cancel the note and deed of trust and to enjoin its foreclosure. Properly pleaded, it is the sort of case that has an independent standing and could be brought without reference to the pending case. It has been stated that '' * * * the purpose of intervention is to settle in one action and by a single judgment the whole controversy among the persons involved,'' 67 C.J.S. 993, Parties, § 60. Essentially our intervention statute provides a remedy whereby a person not joined may become a party so as to enable him to protect his rights in the existing subject matter of a pending action.

Intervenors agree with the plaintiff bank that their right to intervention is governed by § 507.090, RSMo 1949, V.A.M.S. More specifically, intervenors rely upon subsections 1 (2) and (3) as legal justification of their intervention. These portions of the intervention statute provide that anyone shall be permitted to intervene upon timely application ''(2) When the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) When the applicant is so situated as to be adversely [685] affected by a distribution or other disposition of property in the custody of the court or of an officer thereof.'' These grounds are mandatory and if intervenors have brought themselves within one or both of the categories specified the intervention was proper; otherwise, it was not.

Not every ''interest'' will furnish legal grounds for intervention. In State ex rel. Farmers Mutuals Auto Ins. Co. v. Weber, 364 Mo. 1159, 273 S.W. 2d 318, the trial court refused to permit a garage liability insurer to intervene in a personal injury action against a person who had purchased a truck from the insured garage. The action of the trial court was affirmed against a contention that the insurer had an ''interest'' in the litigation. This court ruled, 273 S.W.2d 321: ''As used in the above quoted portion of Section 507.090, and in intervention statutes generally, 'interest' means a

direct and immediate claim to, and having its origin in, the demand made or proceeds sought or prayed by one of the parties to the original action, but such 'interest' does not include a mere consequential, remote or conjectural possibility of being in some manner affected by the result of the original action; to come within the above statute, the 'interest' must be such an immediate and direct claim upon the very subject matter of the action that intervener will either gain or lose by the *direct operation* of the judgment that may be rendered therein.''

While the intervention statute should be liberally construed in favor of the applicant, the statute must be substantially followed. The intervenors did not claim that they would or might be bound by judgment in the pending action and, under the facts of the case, they would not have been since they were not parties thereto. State ex rel. Farmers Mutuals Auto Ins. Co. v. Weber, 364 Mo. 1159, 273 S.W.2d 318, 322 [5]. Nor is there any assertion by the intervenors that they would be adversely affected by the delivery to the defendant of the checks on deposit with the clerk. The intervenors made no claim directly or indirectly to the check which represented the proceeds of the alleged loan. In fact, to do so would have been a recognition of the validity of the transaction which they were attacking.

The language of our statute discloses no purpose or intent to permit the issues between the original parties to be changed or to permit the intervenors to inject new issues foreign to the original action, and our courts have so held. In Monticello Bldg. Corporation v. Monticello Inv. Co., 330 Mo. 1128, 52 S.W.2d 545, an intervenor attempted to inject an action to foreclose a deed of trust and to obtain a judgment against the mortgagor into a suit brought primarily to restrain the mortgage trustee from foreclosing. This court held that the attempted action of the intervenor would not be permitted since it amounted to the injection of an entirely new and inconsistent cause of action. In ruling the question this court quoted from 21 C.J. 343, § 341, which in part is as follows: ''The injection of an independent controversy by intervention is improper. If a person desires to set up a new and independent claim to the subject matter of the suit it must be done by an original bill; it cannot be done by an intervening petition.'' See, also, 30 C.J.S. Equity, § 161, p. 606, New Issues. The ruling in the Monticello case was followed in Davis v. Austin, 348 Mo. 1094, 156 S.W.2d 903. Davis, as executor of a decedent estate, filed suit against Austin as administrator of another estate for the purpose of determining title to realty. Dockery filed a motion to intervene, claiming an interest in the property. This court held that the intervening petition did not disclose that the intervenor had any interest in the land as an heir, and that his claim to the whole property as assignee of tax certificates could not be asserted by intervention since intervention is a proceeding by which a person

is. permitted to make himself a party plaintiff or defendant, or where the intervenor is demanding something adverse to both. Intervention was denied because the intervening petition would improperly inject an independent controversy in the case which should be the subject matter of an original suit. See also 67 C.J.S. 987, Parties, § 58, where the Davis and Monticello cases are cited in support of the statement that: "In [686] some jurisdictions an independent controversy cannot be injected into a suit by intervention, * * *." In Hoffman v. Bigham, 324 Mo. 516, 24 S.W.2d 125, 132, this court stated: "The case started out as a quiet title suit. The defendants filed an answer claiming the right of redemption. Spencer filed an intervening petition asserting he was bound by the covenants of warranty in his deed to the respondent Hoffman and therefore entitled to come into the case as a party. But we cannot see why, under this guise, he should be permitted to ingraft another lawsuit onto the controversy having for its object the recovery of a money judgment for damages."

The Kansas City Court of Appeals decided a similar situation in the case of Coffin v. Damon, Mo.App., 139 S.W.2d 563. The plaintiff had sued upon a note and to foreclose a deed of trust. The intervenor claimed that by the terms of the will of her grandfather the land could not be encumbered, and the prayer of her intervening petition was for a construction of the will and to have the encumbrance declared void. Intervention was permitted and the relief requested was granted. On appeal it was held that the intervenor should not have been permitted to come into the case. The court stated, 139 S.W.2d 564:

"The plaintiffs' suit was an ordinary action to foreclose a deed of trust, did not and could not as a matter of law affect the interest of any one not a party to the action. The only title or right in the land which would be conveyed by a foreclosure sale was the right and title of the grantors in the deed of trust.

"In such circumstances the court should not have permitted Margaret Huls to intervene. State on Inf. v. Chicago, R. I. & P. R. Co., Mo.App., 193 S.W. 932; Bondurant v. Raven Coal Co., Mo.App., 25 S.W.2d 566, 571.

"Margaret Huls had neither right nor interest in the estate conveyed in the deed of trust and she therefore was not a necessary or proper party to the action. Missouri Central Building & Loan v. Eveler et al., 237 Mo. 679; 141 S.W. 877, Ann. Cas. 1913A, 486; Gray v. Clement, 296 Mo. 497; 246 S.W. 940. As the relief granted was based upon the issues brought into the case by the pleading of Margaret Huls, who should not have been permitted to intervene, the decree cannot be sustained."

The intervenors cite and rely upon State ex rel. Duggan v. Kirkwood, 357 Mo. 325, 208 S.W.2d 257, in which the relator, as trustee of an engineering firm, was permitted to intervene in a suit by a

former employee of the engineering firm against another company for compensation. The relator claimed that the former employee had violated a contract for the employee's exclusive services by the wrongful use of confidential information, and that the engineering firm was entitled to a portion of the employee's recovery in the pending case. The reason for permitting the intervention was stated by this court, 208 S.W.2d 262: "Under these circumstances we think that relator would also come within provision (3) of that paragraph which provides that an applicant may be permitted to intervene 'when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof.' This for the reason that if the sum found due Magidson equitably belongs to relator, relator would be adversely affected by the distribution to Magidson of any part of the $90,000 in custody of the court." The facts of the cited case distinguishes it from the instant case.

The Autys, as intervenors in this case, have made no showing, either by the pleadings or the evidence in the case, that they had a legal interest in the original action or that they would be adversely affected by the distribution or disposition of the checks on deposit with the court; hence they did not bring themselves within the purview of the statute. The deed [687] of trust was not specifically mentioned in the plaintiff's petition, and its validity was not an issue in the original action. We hold that the intervenors injected an independent action and issue in the case and that it was error to permit the intervention.

Since the intervenors made no claim to the checks on deposit, it is not necessary to decide if the deposit of the two checks constituted such a fund or property contemplated by the statute. The apparent purpose of the deposit was to keep the tender good as regards interest and to satisfy any judgment that might be rendered based on plaintiff's indebtedness to the defendant. See State ex rel. Simons v. Wilcox, Mo.App., 224 S.W.2d 392, 396 [4, 5], wherein it was held that money paid into court to satisfy a final judgment did not create or constitute such a fund as would justify intervention under our statute.

The plaintiff bank objected to the intervention by allegations in its return to the order to show cause and in its answer. The question was preserved for review in plaintiff's motion for new trial. No claim of waiver has been made by the intervenors, nor have we been able to find any grounds for holding that the plaintiff waived its right to object to the intervention.

Our conclusion is that the case should be reversed and remanded because it was error for the court to permit the intervenors to bring their action in the pending case. It will therefore not be necessary to consider the other allegations of error made by the plaintiff since they are not likely to recur in further proceedings.

The judgment is reversed and the cause remanded with directions to set aside the order allowing Gilbert Auty and Anna Ferne Auty to intervene, and to strike or dismiss their pleadings without prejudice, however, to their right to proceed in an independent action and to proceed with the trial of the cause between the original parties. All concur.