STATE of Missouri ex rel. Mamie F. HUGHES, Relator,

v.

Honorable Laurence R. SMITH, Judge of Division 12 of the Circuit Court of Jackson County, Missouri, Respondent.

No. KCD 26375.

Missouri Court of Appeals, Kansas City District.

Oct. 2, 1972.

James M. Reed, II, Harold L. Holliday, Jr., Kansas City, for relator.

## ORIGINAL PROCEEDING IN PROHIBITION

SHANGLER, Chief Judge.

In this original proceeding in prohibition, the relator Mamie F. Hughes challenges the jurisdiction of the respondent judge to proceed to judgment in a cause pending before him, alleging that although the respondent judge has determined that the relator is an interested and necessary party in that cause, she has been served neither with a writ of summons or other process nor has she received notice of the proceedings.

From the petition for writ of prohibition and the appended exhibits, stipulated as to authenticity, these facts appear: The relator Mamie F. Hughes and Bervin Fisher filed as competing candidates for the Democratic nomination to the Jackson County Legislature from the Fourth District. The relator Mamie F. Hughes received 2,978 votes to 1,010 votes for Mr. Fisher and she was certified by the Board of Election Commissioners of Kansas City, Missouri as the winner of the nomination. As matters now stand, she is unopposed for election from the Fourth District.

Thereafter, at the relation of Mr. Fisher, a proceeding in prohibition was brought before the respondent circuit judge to prohibit the Board of Election Commissioners of Kansas City, Missouri and the Jackson County Clerk, named as respondents, from placing the name of Mamie F. Hughes on the ballot for the November 7, 1972 general election, alleging that Mamie F. Hughes was not qualified for the office to which she had been nominated because she had not been resident in the Fourth District for at least one year preceding her nomination as required by Article 2, Section 5 of the Constitutional Home Rule Charter of Jackson County. The respondent judge issued a preliminary rule in prohibition directing the respondents to appear on September 8, 1972 and show cause why they should not be absolutely prohibited from placing the name of Mamie F. Hughes upon the ballot for the general election. Mamie F. Hughes was not made a party to the proceedings nor was she given notice of the pendent action.

In obedience to the writ, the parties appeared on September 8, 1972 before the respondent judge to adjudicate, in effect, whether Mamie F. Hughes at the time she was nominated for the Jackson County Legislature possessed the residential qualification for that office. After the court had noted the appearances of the Jackson County Clerk, the Board of Election Commissioners of Kansas City and Bervin Fisher, at whose relation the inquiry was initiated, the record discloses these proceedings:

"THE COURT: ....Anybody else here appearing on behalf of......

"MR. REED: Yes, Your Honor, Harold Holliday, Jr.,-----

"MR. HOLLIDAY: Judge, Mr. Reed and I at this time would like to file a special entry of appearance in this matter in behalf of Mamie F. Hughes, the contestee named in the petition for a preliminary writ of prohibition. *She is not in the pleadings a party to the cause of action at this time, but we believe that she is a necessary party in order for this action to proceed,* and we'd like to enter a special appearance for the purpose of raising certain questions as to the jurisdiction of the Court to entertain the matter which is set out in the preliminary writ." (Emphasis supplied.)

From this record colloquy and that which ensued, it is evident that Mamie F. Hughes had not been made a party to the prohibition action pending before the respondent judge and that the special appearance was not a challenge to any asserted jurisdiction over her person, but was a challenge to the jurisdiction of the court over the subject matter of the dispute. At that time, it was the contention of the relator Mamie F. Hughes that the action initiated by Bervin Fisher, although in the form of a proceeding in prohibition to prevent her name from appearing on the ballot for the general election, was actually an election contest governed by the provisions of Section 124.250, V.A.M.S., and that since notice was not given to her as contestee as required by that statute, the respondent judge had acquired no jurisdiction to determine the pending dispute. This contention was rejected by the respondent pending dispute. This contention was rejected by the respondent judge, upon which dialogue followed:

"MR. REED: May I ask, for our own benefit and for the benefit of the record,

what it is if it is not an election contest?

"THE COURT: I think they're seeking to prohibit the name of Mamie Hughes being placed upon the ballot in the November election, I think that's what the issue is, whether or not her name should be placed on the ballot. I don't think it's a contest of an election that's already happened, and I don't think, as indicated in the Storts case, that Section 124.250 is applicable.

Are we ready to proceed?

"MR. HOLLIDAY: No, sir, Judge, I would say this, at least the Court—that *Mamie Hughes is a necessary party to this cause of action,* I would think the Court would admit that, and there has been no service of process on Mamie Hughes, and we are here on a special appearance on a specific purpose of raising questions of jurisdiction, *and I would think this action cannot continue until she is joined as a party to this action.*" (Emphasis supplied.)

The respondent judge was persuaded that Mamie F. Hughes had such an interest in the subject matter of the proceeding in prohibition pending before him as to constitute her a necessary party to the action with an unqualified right to intervene. Although counsel for Mamie F. Hughes reasserted that her presence before the court was "on special appearance" only and was not a request to intervene, nevertheless the respondent judge entered an order that Mrs. Hughes be made a party to the prohibition proceeding with direction that she be served by the sheriff with a copy of the petition and preliminary rule in prohibition. The order also contained notice that the show cause hearing on the preliminary rule in prohibition was rescheduled for September 15, 1972, which setting, it will be observed, was made at the request and for the convenience of counsel for Mamie F. Hughes. Although the record shows only an attempt to serve process and notice upon Mamie F. Hughes by ordinary mail, counsel for the respondent judge has advised us in argument—without denial from the relator's counsel—that several unsuccessful efforts were made to make service upon her personally.

On September 15, 1972, the date to which the show cause hearing had been rescheduled, the parties appeared once again before the respondent judge and, once again, counsel for Mamie F. Hughes appeared "questioning jurisdiction . . . (by) special entry". This time it was contended that since neither personal service of process in the pending cause was had upon Mamie F. Hughes nor notice of the hearing given her, the respondent judge had acquired no jurisdiction over her person and could not render a judgment which could bind her personally. The respondent judge concluded that notice to her attorneys was valid notice to Mamie F. Hughes and that, in any event, the service of process he had ordered was not strictly necessary to bind her as a party to the action. He overruled the jurisdictional contentions and proceeded to adjudicate whether cause could be shown why the placement of the name of Mamie F. Hughes on the ballot for the general election should not be absolutely prohibited. With the proceedings before the respondent circuit judge in this posture—he withholds final judgment pending our order— Mamie F. Hughes as relator seeks our writ to prohibit the respondent judge from proceeding to judgment in that cause, and as grounds reiterates her contentions as to want of service and notice.

In this court, the relator Mamie F. Hughes has abandoned her contention that the prohibition action before the respondent judge was actually an election contest and that the respondent judge acquired no jurisdiction over the subject matter of the dispute because notice was not given her as contestee in the manner and within the time provided in Section 124.250 governing such actions. The relator now identifies the question for our determination as whether the respondent circuit judge has

jurisdiction to proceed to render a judgment purporting to adjudicate her rights and interests in the absence of actual notice to her and of service of process upon her person. We find, however, that the pre-eminent and decisive question is whether the relator Mamie F. Hughes voluntarily submitted herself to the jurisdiction of the respondent judge and thereby waived any defect in notice or service of process otherwise required by law.

The relator Mamie F. Hughes has relied on the efficacy of her "special appearance" in the proceedings before the respondent judge to keep her out of court for all purposes other than to contest the jurisdiction of the court, first over the subject matter of the dispute and now, over her person. This "special appearance" was not entitled to recognition by the court below and we accord it none here because at the time it was first asserted, at the show cause hearing on September 8, 1972, Mamie F. Hughes was a stranger to the record of that proceeding and had no standing to seek relief available only to the parties. 67 C.J.S. Parties § 1e. We note parenthetically, before proceeding further, that although the special appearance device continues in use, it has become since the enactment of the new civil code in 1943 only the archaic jargon of a discarded pleading. Jones v. Buckley, Mo., 425 S. W.2d 204, 207[7, 8]; Greenwood v. Schnake, Mo., 396 S.W.2d 723, 726; Johnson v. Fire Ass'n of Philadelphia, 240 Mo. App. 1187, 225 S.W.2d 370, 373[7]. Under present Civil Rule 55.31(a)(1)(2), V.A.M. R., objections that the court lacks jurisdiction over the subject matter or over the person are raised by motion. And while the terms of that rule do not explicitly express it so, Civil Rules 55.30 through 55.43, read *in pari materia,* make it evident that such motions are incidental steps available to litigants in a suit pending between them. See: Pogue v. Smallen, Mo., 285 S.W.2d 915, 917[2]. Even under the earlier proce-

dure relied on by relator Hughes, a special appearance for the purpose of objecting to jurisdiction was available only to a party. Wechsler v. Davis, 209 Mo.App. 570, 239 S.W. 554, 556; 6 C.J.S. Appearances § 1b. Since "(p)ersons who are not parties of record to a suit have no standing [1] therein which will enable them to take part in or control the proceedings". 59 Am.Jur.2d, Parties, Sec. 129, the objections made by relator Mamie F. Hughes to the exercise of jurisdiction by the respondent judge over the dispute between Bervin Fisher, on the one hand, and Jackson County Clerk and Board of Election Commissioners of Kansas City, on the other was not a legal complaint to be heeded.

Our law does recognize, however, the right of a stranger to a pending suit who has a sufficient interest in the subject matter of that suit to seek to intervene therein. Civil Rule 52.11; Section 507.090, V.A.M.S. A stranger to a pending suit has an absolute right to intervene when the representation of his interest by existing parties is or may be inadequate and he may be bound by a judgment in the action. State ex rel. Algonquin Golf Club v. Lewis, Mo.App., 395 S.W.2d 522, 523[1]. The right of the relator Mamie F. Hughes to intervene in the prohibition action between Bervin Fisher on the one hand and the Jackson County Clerk and the Board of Election Commissioners of Kansas City, on the other is not questioned. However, the relator Mamie F. Hughes did not want it understood that the insistence of her counsel that she was "a necessary party to (that) cause of action" and that the "action cannot continue until she is joined as a party to (that) action" was a request to intervene. The respondent circuit judge was persuaded by relator's own arguments, nevertheless, and ordered her made a party because she had "such an interest involved (in the suit pending before him) that . . . it could be a denial of due process if she didn't have sufficient notice and

---

1. Standing is the legal right to set the judicial machinery in motion. Hiland v. Ives, 28 Conn.Sup. 243, 257 A.2d 822, 823 [1].

the right to intervene". It is within the context of these proceedings that the legal effect of the relator's appearance, the order of the respondent judge joining relator as a party to the action and relator's contention that she need not respond to that order in the absence of service of notice and process upon her person are to be determined.

◼ When the form of these proceedings is made to yield the substance, what is revealed is a stranger to the action whose only standing was to establish her interest in the subject matter of the dispute in order to intervene, and who asserted that interest and her right to participate in the litigation affecting that interest. The acquiescence of the original parties to the action in her participation and the court's order sanctioning the participation are also shown, and thus the substantive requirements for intervention under Civil Rule 52.11 were met.

◼ Although the procedural requirements of Civil Rule 52.11(c) were not formally complied with, that "a motion to intervene (shall be served) upon all parties affected thereby . . . (and) shall state the grounds therefor", they were substantially met. The dialogue between counsel for the relator and respective parties with the respondent circuit court judge, which ranged over twenty-six pages of transcript, was a full exposition of the relator's assertion that the prohibition action brought at the relation of Bervin Fisher against the Jackson County Clerk and Board of Election Commissioners could not be resolved without her participation because the real dispute was not between Bervin Fisher and functionaries who had no duty to protect the ballot on her behalf, but between Bervin Fisher and herself as the nominee sought to be disqualified. The notice function intended by Rule 52.11(c) was fully met. We conclude, also, that the remaining procedural requirement for intervention, that "(t)he motion . . . shall be accompanied by

a pleading setting forth the claim or defense for which intervention is sought" was waived by the original parties to the prohibition action. In a prohibition action, the pleadings are formed by the petition, the return to the preliminary rule and the reply to the return. State ex rel. Mc-Cubbin v. McMillian, Mo.App., 349 S.W.2d 453, 455[1, 3]. The record shows, however, that at the time the respondent judge entered his order joining Mamie F. Hughes in the litigation, neither the Jackson County Clerk nor the Board of Election Commissioners had made return to the preliminary rule, but were proceeding to the trial of the issue of the qualification of Mamie F. Hughes for the public office, tacitly, as though it had been raised by proper pleadings. It would have been absurd to require Mamie F. Hughes to define for the original parties by formal pleading what they already knew and were adjudicating for themselves.

◼ The respondent judge properly understood the assertion of relator Mamie F. Hughes, that she was a necessary party to the prohibition action with a right to participate in the adjudication of her qualifications for office, as a motion to intervene in that action. In ordering intervention, the respondent judge recognized that the statutes relating to intervention are broadly remedial and that they are to be liberally construed to facilitate the determination of all related disputes in one proceeding, and thereby avoid a multiplicity of actions. State ex rel. Aubuchon v. Jones, Mo.App., 389 S.W.2d 854, 860[4–7]. By seeking to intervene in the prohibition action, the relator Mamie F. Hughes invoked the jurisdiction of the respondent court and has submitted her person to the process and judgment of the court. The respondent judge was fully authorized to proceed to a judgment in the determination of the qualifications of Mamie F. Hughes as nominee for the office of Jackson County Legislator. When rendered, it will be a judgment which will conclusively bind the relator Mamie F. Hughes personally as

to any question adjudicated thereby. If Mamie F. Hughes chooses to remain aloof, she must suffer the possibility and consequences of an adverse judgment.

To adopt the alternative relator Mamie F. Hughes suggests—that we prohibit the respondent judge from determining her qualifications for public office until she is summoned to a trial of which she is already aware, while at the same time she keeps herself beyond the reach of the court's writ—is to make a sham of the judicial process and a sporting game of the public interest.

Accordingly, our preliminary rule in prohibition previously issued is hereby quashed. Considerations of fairness and of the public interest require that the circuit judge forthwith reopen the proceeding in prohibition pending before him and to afford relator Mamie F. Hughes opportunity to present evidence before the final judgment is entered therein. It is so ordered.

All concur.