STATE of Missouri, ex rel. ST. JOSEPH, MISSOURI ASSOCIATION OF PLUMBING, HEATING AND COOLING CONTRACTORS, INC., a corporation, and James W. Supple, Individually and Representative of those persons constituting the United Association of Plumbers and Pipe Fitters of United States and Canada, Local # 45, Relators-Respondents,

v.

CITY OF ST. JOSEPH, Missouri and Frank L. Endebrock, Director of Public Works of the City of St. Joseph, Missouri, Respondents,

v.

TOWN AND CAMPUS INTERNATIONAL, INC., Intervenor-Appellant.

No. KCD 29646.

Missouri Court of Appeals, Western District.

April 2, 1979.

Stephen J. Briggs, Morton, Reed & Counts, St. Joseph, for intervenor-appellant.

William G. Whetsell, St. Joseph, for respondents, City of St. Joseph, and Frank L. Endebrock.

Downs & Pierce, Robert D. Colley, St. Joseph, for respondents, St. Joseph, Missouri Ass'n of Plumbing, Heating and Cooling Contractors and James W. Supple.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Town and Campus, Inc. appeals from an order denying them intervention in a mandamus action brought at the relation of Missouri Association of Plumbing, Heating and Cooling Contractors and Local # 45 of the United Association of Plumbers and Pipe Fitters against the City of St. Joseph. The mandamus sought a circuit court order directing the cancellation of plumbing permits issued to a plumber, Ronald Woods, for work on an apartment project under development by Town and Campus, Inc.

Ronald Woods had been licensed in several other cities but was not licensed in St. Joseph. The mandamus was brought after the decision in *State ex rel. Sprague v. City of St. Joseph*, 549 S.W.2d 873 (Mo. banc 1977), which held that St. Joseph as a charter city was not required to afford reciprocity in licensing under the provisions of Sections 341.010–341.080 RSMo 1969. Upon the issuance of the preliminary writ in mandamus, Endebrock, the administrative officer of the City of St. Joseph who had issued the permits, wrote to Ronald Woods advising him that the City would comply with the preliminary writ and would rescind the permits. This notice also advised Woods of the date upon which the hearing was set. On that date, an attorney representing Woods was present; an attorney representing Town and Campus also appeared and filed a motion to intervene.

The intervenor-appellant's motion alleged irreparable harm if the writ were issued because Ronald Woods could not complete his work on the apartment project already in progress. There was an allegation that the intervenor would be damaged in the sum of $2 million if Woods were not permitted to complete the work. The attorney for Woods took no part in the proceedings except for a response to an inquiry from the court that the record could show he was "present."

At the June 3 hearing, the City of St. Joseph confessed the allegations of the alternative writ; the court overruled the motion to intervene and entered a peremptory

writ of mandamus directing rescission of the Ronald Woods permits. Intervenor Town and Campus appeals from the denial of the motion to intervene.

In a single point, the intervenor argues that the trial court's judgment was in error because it was entitled to intervene as a matter of right under the provisions of Rule 52.12(a). The applicable provisions of that rule are as follows:

"52.12 Intervention

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so-situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

.    .    .    .    .

(c) Procedure. A person desiring to intervene shall serve a motion upon all parties affected thereby. The motion shall state the grounds therefor, and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene."

■ Rule 52.12(a) was changed in 1972 so that the entire rule is now substantially identical to Rule 24 of the Federal Rules of Civil Procedure. The change in the rule broadened the language and the requirements for mandatory intervention. While the former rule required a showing that the applicant would be bound by a judgment in the action, the present rule requires only that the applicant show that "the disposition of the action may *as a practical matter* impair or impede his ability to protect that interest . . . ." According to the Advisory Committee Notes to the 1966 amendment to Fed.R.Civ.P. 24, the Rule's "criterion imports practical considerations, and the deletion of the 'bound' language similarly frees the rule from undue preoccupation with strict considerations of res judicata." 28 U.S.C.A. Rule 24, pp. 16–17. Overall, however, the major purpose of the rule, both in Missouri and in the federal jurisdictions, is "to facilitate the determination of all related disputes in one proceeding, and thereby avoid a multiplicity of actions." *State ex rel. Hughes v. Smith*, 485 S.W.2d 646, 651 (Mo.App.1972).

■ Despite the broadening of the Rule's language, any request for mandatory intervention under 52.12(a) must establish that three basic elements are present: (1) the applicant must show an "interest" in the subject of the action in which he seeks to intervene; (2) he must show that his ability to protect his interest will be impaired or impeded as a practical matter; and (3) he must show that his interest is not adequately represented by the existing parties.

Intervenor does not quarrel with the foregoing statement of principles; its brief recites the same tests. The problem in this case is the application of the criteria to a very scanty record. All that appears in the record is a bare allegation by Town and Campus that it would suffer $2 million in damages if the plumbing permits were rescinded.

■ The respondents contend that the lack of a formal pleading is a fatal flaw in intervenor's case and that the trial court properly overruled the Motion to Intervene. The cases in the federal jurisdictions using Rule 24 and in the Missouri cases under Rule 52.12 demonstrate that a compliance with the pleading requirement may be excused in compelling circumstances. Wright and Miller, *Federal Practice and Procedure* : Civil § 1914, and cases cited therein. In Missouri, the general rule has always been that the statute should be liberally construed to permit broad intervention. *Bolin v. Anders*, 559 S.W.2d 235, 247 (Mo. App.1977); *State ex rel. Hughes v. Smith, supra* at 651.

However, applying this principle to excuse the lack of a formal pleading does not resolve the dilemma in applying the threefold test required under Rule 52.12.

The requirement that the applicant have an interest in the subject of the litigation is

a requirement that did not change with the recent amendment to the rule. Early cases in Missouri gave substantial discussion to this requirement, and the analysis in those cases is still valid for the present case. Most often cited is the case of *State ex rel. Farmers Mutual Automobile Insurance Co. v. Weber*, 364 Mo. 1159, 273 S.W.2d 318 (banc 1954). The pertinent language on "interest" is as follows:

" . . . 'interest' means a direct and immediate claim to, and having its origin in, the demand made or proceeds sought or prayed by one of the parties to the original action, but such 'interest' does not include a mere consequential, remote or conjectural possibility of being in the same manner affected by the result of the original action; . . . the 'interest' must be such an immediate and direct claim upon the very subject matter of the action that intervenor will either gain or lose by the *direct operation* of the judgment that may be rendered therein." *supra* 273 S.W.2d at 321.

Other early cases in Missouri cite and follow the *Weber* definition of interest. *See Pine Lawn Bank & Trust Co. v. City of Pine Lawn*, 365 Mo. 666, 285 S.W.2d 679, 685 (1956); *Laclede Gas Company v. Abrahamson*, 296 S.W.2d 100, 102 (Mo.1956); *State ex rel. State Farm Mutual Ins. Co. v. Craig*, 364 S.W.2d 343, 346 (Mo.App.1963).

Federal cases which followed the 1966 version of the portion of Rule 24 dealing with mandatory intervention give a more practical definition of the "interest" necessary for intervention. *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967) discusses the "interest" term without much definition, other than to quote the Advisory Committee Notes. *supra* at 133 n. 3. *Hobson v. Hansen*, 44 F.R.D. 18 (D.D.C.1968) states that the Notes of the Advisory Committee "indicate that the petitioner's interest should be clearly related (directly or indirectly) to the subject matter of the action, and suggest that that interest be a substantial one." *supra* at 23.

Most useful of all the federal case definitions is that found in *Nuesse v. Camp*, 128 U.S.App.D.C. 172, 385 F.2d 694 (1967).

"We know of no concise yet comprehensive definition of what constitutes a litigable 'interest' for purposes of standing and intervention under Rule 24(a). One court has recently reverted to the narrow formulation that 'interest' means a 'specific legal or equitable interest in the chose'. *Toles v. U. S.*, 371 F.2d 784 (10th Cir. 1967). We think a more instructive approach is to let our construction be guided by the policies behind the 'interest' requirement. We know from the recent amendments to the civil rules that in the intervention area the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *supra* 128 U.S.App.D.C. at 178, 385 F.2d at 700.

■ Based on this definition of interest, it appears that the intervenor possessed the requisite interest to justify intervention. For the purposes of this decision, it may be conceded that the existing parties would not protect the intervenor's claimed interest.

■ The ultimate and essential issue is whether or not there is anything in this record which will support the second element of the test under Rule 52.12—that the intervenor's interest will be impaired or impeded as a practical matter if it is not permitted to intervene. All that the intervenor says in its brief with respect to this issue is that as a practical matter it would have no way to challenge the peremptory writ once it was issued and, therefore, its ability to protect its "interest" would be impaired.

This rather bald assertion does not provide a basis for finding that the second element is present. The authorities have analyzed the right to intervention under the rule by stating the necessary elements separately. Nonetheless, the elements are interrelated and, in a situation like the present one, the relationship of the elements is important. Under the earlier version of the rule, the relationship between

the intervening party's interest and the remedy was a rigid one. The intervenor was required to show some binding effect of the judgment upon his interest. The present rule relaxes the requirement to a showing that as a practical matter the interest will be affected, but the intervenor must still show how his interest will be affected. The instant case is classic in demonstrating the importance of the relationship between the factors justifying intervention. The intervenor here has focused on a claim of damage but has not related that assertion of damage to the interest in the permits in any but the most general terms. Conceding that the immediate or apparent interest of the intervenor was the continuation of valid permits for Woods, the real issue is *how* the cancellation of the permits would affect the ultimate and real interest of the intervenor in the completion of the project.

How, as a practical matter, the cancellation of the permits would affect the interest of intervenor depends upon the nature of the contractual relationship between Woods and the intervenor with respect to the permits. The record and the briefs are silent on these matters. The contract may have required intervenor to obtain the permits; it may have permitted cancellation if the permits were not obtained or were cancelled, or it may have been silent as to the obligations of the parties concerning the permits. The contract provisions would obviously be important in determining whether, as a practical matter, the intervenor's interest would be affected by the cancellation of the permits. Indeed, it is possible that the underlying contract would show by its terms that the apparent interest of intervenor was not, in fact, a protectible interest.

Only by speculation or tacit assumption can the second element of practical impairment and its relationship to intervenor's interest be found. The intervenor as the pleader had the burden to show in some fashion all of the elements. The motion itself does not show the elements sufficiently. Although the failure to file a pleading may not be fatal, *State ex rel. Hughes, supra,* the factual and theoretical basis for the claim of intervention must appear in some fashion. It is not clear from the case law that the failure to file a pleading with the motion excuses the failure to state the basis for a claim of intervention in the motion itself. Whatever the source, there must be some basis for review of the trial court's order. The record in this case, the briefs, and the record in the prohibition proceeding filed by intervenor in this court, *State ex rel. Town & Campus v. Steeb,* No. KCD 29572, have been examined. There is no hint or suggestion concerning the nature of the contractual arrangement between Ronald Woods and the intervenor as it affects the plumbing permits in any of these sources. Thus, even assuming that the necessary factual and theoretical basis for intervention could be supplied from the briefs or the record, there is nothing here to permit a finding that the trial court erred in refusing intervention. The intervenor has failed to demonstrate that an interest existed which would as a practical matter be impaired or impeded.

The judgment is affirmed.

All concur.