**FIRE ASSURANCE, INC.,**
**Intervenor-Appellant,**

v.

**COTTON BLOSSOM CORP., INC.,** Jere
**Wilmering, Sr., and Starr**
**Wilmering, Plaintiffs,**

v.

**LEXINGTON INSURANCE COMPANY,**
Lawton-Byrne-Bruner Insurance Agency
Co., a corporation and Stoehner Security, Inc., a corporation, Defendants-Respondents.

**No. 41652.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 1, 1980.

Donald V. Fraser, Jr., St. Louis, for intervenor-appellant.

Goldstein & Price, Gary T. Sacks, Paul R. Hales, John J. Frank, Ralph C. Kleinschmidt, John S. Sandberg, Michael E. Hughes, St. Louis, for defendants-respondents.

CRIST, Judge.

On December 29, 1978, Fire Assurance, Inc., intervenor-appellant, filed a motion to intervene as a matter of right under Rule 52.12(a)(2) in the suit between plaintiffs and defendants. The trial court overruled the motion on February 27, 1979. We affirm.

Plaintiff Cotton Blossom Corp., Inc. (hereinafter "Blossom Corporation") was the owner of a vessel, the Cotton Blossom, which was operated at 200 South Wharf Street, St. Louis, Missouri, as a floating restaurant. Plaintiffs, Jere Wilmering, Sr. and Starr Wilmering, were the officers and primary shareholders of Blossom Corporation and also personally liable as its guarantors.

Defendant, Lexington Insurance Company (hereinafter "Lexington"), issued an insurance policy to Blossom Corporation on July 18, 1977, insuring the Cotton Blossom against specified damage or loss. On January 24, 1978, the Cotton Blossom sank. Shortly thereafter, plaintiffs filed suit in the Circuit Court of St. Louis City alleging that Lexington was liable for monetary damages and also had a duty to raise and repair the Cotton Blossom. A statement of the allegations against the other defendants is not necessary for this opinion.

On May 25, 1977, intervenor-appellant contracted with Jere Wilmering, Sr. to install, and did install, a sprinkler and dry powder extinguishing system on the Cotton Blossom. Jere Wilmering, Sr. failed to pay the balance due for the installation. On August 2, 1978, more than six months after the Cotton Blossom sank, a United States District Court granted the intervenor-appellant a judgment against Jere Wilmering, Sr. personally for $21,043.43 and a Maritime Lien on the sunken Cotton Blossom for the same amount.

Intervenor-appellant charges that the trial court erroneously overruled its motion to intervene because it will be unable to protect its personal judgment and Maritime Lien. Intervenor-appellant claims that a negotiated settlement could be reached between Blossom Corporation and Lexington that would disregard and nullify its interests. We find no error.

■ For mandatory intervention, Rule 52.12(a)(2) requires that an intervenor have an interest relating to the property or transaction which is the subject of the main action. Intervenor-appellant admits that it has no such interest in this case and we agree. It contends, however, that because intervention statutes are broadly remedial and are intended to facilitate the determination of all related disputes in one proceeding its motion should be granted. Intervenor-appellant's claimed purpose is "to put the parties on notice" of its personal judgment and lien. It also wants to insure that it will be notified of the results of the litigation presumably so that it can collect the judgment and/or prosecute the lien accordingly. This argument ignores the fact that an interest in the subject matter of the litigation is still a requirement. *State ex rel. St. Joseph, Missouri Association of Plumbing, Heating and Cooling Contractors, Inc. v. City of St. Joseph*, 579 S.W.2d 804, 806–07 (Mo.App.1979). Absent this interest, intervenor-appellant's purposes are insufficient to require intervention.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.